CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys For Plaintiff

Morton Minikes, Esq. (S.B. No. 34308)
Landmark I
11755 Wilshire Blvd.
15th Floor
Los Angeles, CA. 90025-1506
Tel. No. (310) 473-4826
Fax No. (310) 312-3836
Email: minikeslaw@verizon.net

Attorney for Defendant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rafael Arroyo, Jr.,**<br><br>          Plaintiff,<br><br>     v.<br><br>**Robert Golbahar**, in individual and representative capacity as trustee of the Amanda Pavie Golbahar Child's Trust, dated January 28, 2010, and of the Alexis Margaux Golbahar Child's Trust, dated January 28, 2010; and Does 1-10,<br><br>          Defendants. | Case No. 2:18-cv-00594-FMO-JEM<br><br>**Joint Report (Rule 26) for Scheduling Conference**<br><br>Date:     May 3, 2018<br>Time:     10:00 a.m.<br>Crtrm:    6D<br><br>Honorable Judge Fernando M. Olguin |

PURSUANT TO Rule 26 of the Federal Rules of Civil Procedure and the Order Setting Scheduling Conference filed March 28, 2018, and having met and conferred through their respective attorneys of record personally on

1

April 10, 2018, the parties hereby submit their Joint Rule 26 Report.

**a) Short Synopsis of the Principal Issues**

Plaintiff Contends: Rafael Arroyo, Jr. is a paraplegic who uses a wheelchair for mobility. Defendant Robert Golbahar, in individual and representative capacity as trustee of the Amanda Pavie Golbahar Child's Trust, dated January 28, 2010, and of the Alexis Margaux Golbahar Child's Trust, dated January 28, 2010, owns the real property located at or about 1015 N. Aviation Blvd., Manhattan Beach, California.

The parking lot serving Rainbow Cleaners is not van accessible. Although there was one parking space marked and reserved for persons with disabilities, the stall of this parking space measured 96 inches wide while the access aisle measured just 60 inches wide. This is not van accessible. Additionally, the signage in front of the standard parking space reserved for persons with disabilities was located too low. It is about 38 inches above the finish floor. By law it should be 80 inches above the finish floor. The mandated pole or wall mounted signage with the wheelchair logo at the standard parking space is blocked from view by trees. Finally, the defendants place a planter pot in the access aisle that obstructs the area used for persons in wheelchairs.

The defendant's failure to provide for van-accessible parking space and lack of standard handicap parking space at the Rainbow Cleaners is discriminatory against the plaintiff. Defendant violates plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act, and therefore, he seeks injunctive relief and the statutory minimum damage award.

Defendant Contends: To the extent that the signage in front of the standard parking space reserved for persons with disabilities is located too

low, the same will be remediated to bring it in compliance with the ADA and the Unruh Civil Rights Act requirements.

To the extent that the mandated pole or wall mounted signage with the wheelchair logo at the standard parking space is blocked from view by trees, this condition will be remediated.

To the extent that the parking space in the parking lot serving Rainbow Cleaners is marked reserved for persons with disabilities but is not van accessible because it measures 96 inches wide while the adjacent access aisle measures 60 inches wide this condition will be remediated if architecturally feasible and permitted by laws of the City of Manhattan Beach by having the subject parking space re-stripped to 132 inches while leaving the adjacent access aisle at 60 inches, which would make the subject handicapped parking space to be in compliance with ADA requirements and therefore in compliance with the Unruh Civil Rights Act.

**b) Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

This court has supplemental jurisdiction over the claims brought under the Unruh Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

//
//

3

**c) Legal Issues**

The principal legal issues are: (1) whether the defendants are responsible under the law to remove barriers; (2) whether the plaintiff has standing to seek either damages or injunctive relief; (3) whether the barriers are readily achievable to remove; and (4) the nature and extent of damages, if any.

**d) Parties, Evidence, Etc.**

<u>Plaintiff</u>: Other than the plaintiff himself, the only "witness" would be Evens Louis, investigators for plaintiff's counsel who took photographs of the subject property following complaint from the plaintiff and as part of the prefiling process. The documents that the plaintiff has would be photographs taken by Evens Louis.

<u>Defendant</u>: At the present time Defendant has not completed its investigation of the matter and is therefore uncertain what documentary evidence will be offered and who will be called as witnesses on Defendant's behalf.

**e) Insurance**

None.

**f) Magistrate Judge**

<u>Plaintiff</u>: does not consent to have a Magistrate Judge preside over this case at this time.

<u>Defendant</u>: Does not consent to have a Magistrate Judge preside over this case at this time.

4

**g) Discovery Plan**

1. <u>Disclosures</u>:

The Parties do not seek any changes to the form or requirements for initial disclosures. The Parties consent to exchange initial disclosures via email by April 24, 2018.

2. <u>Discovery Subjects</u>

<u>Plaintiff</u> intends to seek discovery related to: (1) the ownership and operation of the business; (2) lack of van-accessible parking space and lack of standard handicap parking space at the Rainbow Cleaners; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

<u>Defendant</u> intends to seek discovery by way of oral deposition and written discovery as to Plaintiff being a serial Litigant; whether Plaintiff in fact ever was at the Property with the intent to patronize one of the Tenants, Rainbow Cleaners; whether Plaintiff could not patronize Rainbow Cleaners because the handicap parking space serving Rainbow Cleaners was not van accessible; Plaintiff's desire to return and patronize Rainbow Cleaners; and all matters concerning and pertaining to the allegations of paragraph 24 of the Complaint.

The parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means. The parties propose a discovery cut-off date of April 8, 2019.

3. <u>Changes in Limitations on Discovery</u>

<u>Plaintiff</u>: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for both parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

<u>Defendant</u>: Defendant is in agreement with Plaintiff's request.

4. <u>Discovery cut-off</u>

<u>Plaintiff</u>: proposes a final discovery completion date for non-expert discovery of April 8, 2019. Plaintiff proposes that experts be designated per FRCP Rule 26 (a)(2) by March 25, 2019, and expert witness depositions be completed by April 8, 2019.

<u>Defendant</u>: Defendant is in agreement with Plaintiff's proposals.

5. <u>Expert Discovery</u>

<u>Plaintiff</u>: proposes Initial disclosure of Expert Witnesses date of February 25, 2019, and a Rebuttal Disclosure of Expert Witnesses and Report of March 25, 2019. The date for Expert cut-off is proposed to be April 8, 2019.

<u>Defendant</u>: Defendant is in agreement with Plaintiff's proposals.

**h) Motions**

<u>Plaintiff</u>: intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.,* (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.,* 631 F.3d 939 (9th Cir. 2011).

<u>Defendant</u>: At the present time Defendant is unaware of any Motions that is to be filed on his behalf; and if such Motion(s) is/are to be filed the same will occur after appropriate discovery has been completed.

### i) Class Certification

N/A

### j) Dispositive Motions

<u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

<u>Defendant</u>: At the present time Defendant is unaware of any such Motions that will be filed on its behalf; and if such Motion(s) is/are to be filed the same will occur after appropriate discovery has been completed.

### k) Settlement/Alternative Dispute Resolution (ADR)

The parties believe that settlement is likely in this case. The parties believe that L.R. 16-15.4, Settlement Procedure Number 2—settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

### l) Pretrial Conference and Trial

| Matter | Date |
|---|---|
| Discovery Cut Off Date (including experts) | 4/8/2019 |
| Last day to have motions heard | 5/6/2019 |
| Pretrial Conference | 9/16/2019 |

7

| Trial | 10/1/2019 |
|-------|-----------|

**m) Trial Estimate:**

<u>Plaintiff</u>: A court trial has been requested and plaintiff anticipates a 2-3 day court trial, on or about July 2, 2019.

<u>Defendant</u>: Defendant is in accord with Plaintiff's estimate.

**n) Trial Counsel:**

Trial counsel for Plaintiff is Raymond Ballister, Jr.

Trial counsel for Defendant is Morton Minikes (SB #34308)

**o) Independent Expert or Master:**

This is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**p) Other Issues:**

At this time the Parries are unaware that there are other issues affecting the status or management of the case and the parties have no proposals concerning severance, bifurcation or other ordering of proof.

8

1
2    Dated: April 17, 2018                    CENTER FOR DISABILITY ACCESS
3
4                                             By: __/s/Dennis Price_____
5                                                 **Dennis Price**
6                                                 Attorney for Plaintiff
7
8
9    Dated: April 16, 2018                    LAW OFFICES OF MORTON
                                              MINIKES
10
11
12                                            By: _/s/Morton Minikes_
13                                                **Morton Minikes, Esq.**
                                                  Attorney for Defendant
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Joint Report of Counsel                                    2:18-cv-00594-FMO-JEM

1

## **SIGNATURE ATTESTATION**

2

3

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories

4

listed, and on whose behalf the filing is submitted, concur in this document's

5

content and have authorized the filing of this document with the use of their

6

electronic signature.

7

8

9

10  Dated: April 17, 2018                    CENTER FOR DISABILITY ACCESS

11

12

13

14                                           By: */s/Dennis Price*
                                             Dennis Price
15                                           Attorney for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES**

| Matter | Weeks Before Trial | Parties' Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 1/7/2019 |
| Non-Expert Discovery Cut-Off | 15 | 4/8/2019 |
| Expert Discovery Cut-Off | 12 | 4/8/2019 |
| Last Day to Conduct Settlement Proceedings | 11 | 4/22/2019 |
| Last Day for Law and Motion Hearings | 8 | 5/6/2019 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 9/16/2019 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 9/23/2019 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 9/27/2019 |
| Trial **(Tuesday at 9:00 a.m.)** | | 10/1/2019 |