1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CENTER FOR DISABILITY ACCESS**
Ray Ballister, Jr., Esq., SBN 111282
Sara Gunderson., SBN 302082
<u>Mail</u>: PO Box 262490
San Diego, CA 92196-2490
<u>Delivery</u>: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
sarag@potterhandy.com
Attorneys for Plaintiff

**Morton Minikes, Esq.**  (S.B. No. 34308)
Landmark I, 11755 Wilshire Blvd.
15th Floor, Los Angeles, CA. 90025-1506
Tel. No. (310) 473-4826
Fax No. (310) 312-3836
Email: minikeslaw@verizon.net
Attorney For Defendant
Robert Golbahar, an individual and in
representative capacity as trustee of the
Amanda Pavie Golbahar Childs Trust,
dated January 28, 2010, and of the
Alexis Margaux Golbahar Childs Trust,
dated January 28, 2010

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rafael Arroyo, Jr.**, <br><br> Plaintiff, <br><br> v. <br><br> **Robert Golbahar,** in individual and representative capacity as trustee of the Amanda Pavie Golbahar Child's Trust, dated January 28, 2010, and of the Alexis Margaux Golbahar Child's Trust, dated January 28, 2010; **Nick Bhanji;** <br><br> Defendants. | **Case:** 2:18-CV-00594-FMO-JEM <br><br> **PLAINTIFF'S AND DEFENDANT'S JOINT MOTION FOR SUMMARY JUDGMENT** <br><br> Date:    December 13, 2018 <br> Time:    10:00 a.m. <br> Ctrm:    6D (6th Floor) <br><br> Hon. Judge Fernando M Olguin. |

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................. i

TABLE OF AUTHORITIES ........................................................... ii

JOINT MOTION FOR SUMMARY JUDGMENT ................................. 1

   I.   PLAINTIFF'S PRELIMINARY STATEMENT ........................... 1

   II.   DEFENDANTS PRELIMINARY STATEMENT ...................... 1

   III.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SUMMARIZED ..................................................................... 2

   IV.   PLAINTIFF'S RELEVANT FACTS ......................................... 3

   VI.   PLAINTIFF'S LEGAL DISCUSSION ..................................... 6

THE LACK OF ACCESSIBLE FACILITIES ................................... 6

   A.  Plaintiff is Disabled ............................................................ 8

   B.  Defendants Own and Operate a Place of Public Accommodation 9

   C.  The Rainbow Cleaners Had Barriers That Were Readily Removed ........................................................................ 9

   VII.   DEFENDANT'S LEGAL DISCUSSION ................................ 12

   VIII.   PLAINTIFF: THE LACK OF COMPLIANT PARKING IS UNLAWFUL UNDER CALIFORNIA LAW ................................... 13

   IX.   PLAINTIFF: REMEDIES ..................................................... 14

   X.   DEFENDANT GOLBAHAR'S CONTENTIONS SUMMARIZED ..................................................................... 15

   XI.   PLAINTIFF'S CONCLUSION .............................................. 17

XII.   DEFENDANT'S CONCLUSION ............................................... 18

Upon each of the foregoing grounds and reasons, it is respectfully urged that Plaintiff's MSJ must and should be DENIED. .................. 18

## TABLE OF AUTHORITIES

**Cases**

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*
   603 F.3d 666 (9th Cir. 2010) .................................................. 7
*Chapman v. Pier 1 Imports (U.S.) Inc.*
   631 F.3d 939 (9th Cir. 2011) .......................................... 7, 10
*Cullen v. Netflix, Inc.*,
   880 F.Supp.2d 1017 (N.D. Cal. 2012) ................................. 13
*Moeller v. Taco Bell Corp.*
   816 F.Supp.2d 831 (N.D. Cal. 2011) .................................... 7
*Molski v. M.J. Cable, Inc.*,
   481 F.3d 724 (9th Cir. 2007) ........................................ 13, 15
*Rush v. Denco Enterprises, Inc.*,
   857 F. Supp. 2d 969 (C.D. Cal. 2012) ................................. 10

**Statutes**

2010 Standards § 208.2.4 ........................................................ 10
42 U.S.C. § 12102(2)(A) ........................................................... 8
42 U.S.C. § 12188(a) ................................................................. 8
42 U.S.C. §§ 12183(a)(2) ..................................................... 7, 8
Cal. Civ. Code § 55.56(a) ........................................................ 14
Cal. Civ. Code § 55.56(b) ........................................................ 14
Cal. Civ. Code § 55.56(e) ........................................................ 14
Civ. Code § 51 (f) .................................................................... 13

1

2

**Other Authorities**

3   1991 Standards § 4.1.2(5) ................................................................ 10

4   1991 Standards § 4.1.2(5)(b) ........................................................... 10

5   28 C.F.R. § 36.304(b) ..................................................................... 12

6   CBC § 1129B.4 ................................................................................ 11

7   CBC § 11B-502.2 ............................................................................ 11

8   CBC § 11B-502.3.3 ......................................................................... 11

9   Department of Justice, Technical Assistance Manual on the American
    with

10

11      Disabilities Act (BNA) §§ III-4.4100 (1991) ...................................... 9

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JOINT MOTION FOR SUMMARY JUDGMENT

## I.  PLAINTIFF'S PRELIMINARY STATEMENT

Plaintiff, who is paraplegic, has brought this action because Defendants have failed to provide compliant handicap parking at the Rainbow Cleaners. Because of this lawsuit, the Defendants promptly set about to remedy those violations. Unfortunately, however, Defendants' efforts fell short and the parking and restroom aisles are still not compliant.

In this motion, Plaintiff is seeking a ruling that his rights were violated under the Unruh Civil Rights Act, a single statutory penalty of $4,000, and an Order requiring Defendants to make the parking at the Rainbow Cleaners accessible. Plaintiff respectfully requests this Court grant his motion.

## II.  DEFENDANTS PRELIMINARY STATEMENT

Defendant Robert Golbahar, individually and in his representative capacity as trustee of the Amanda Pavie Golbahar Childs Trust, dated January 28, 2010, and of the Alexis Margaux Golbahar Childs Trust dated, January 28, 2010 (hereinafter collectively referred to "Golbahar") herewith submits his Memorandum in Opposition to Plaintiff's Motion for Summary Judgment as follows:

### a.  NATURE OF THE ACTION

This is an action brought against Golbahar and one Nick Bhanji ("Bhanji") by Rafael Arroyo, Jr. ("Arroyo"), who can be best described as a serial litigant and who claims to be an invalid confined to a wheelchair, pursuant to a "Complaint For Damages And Injunctive Relief For Violations Of: American's With Disabilities Act; Unruh Civil

Rights Act" that was filed on January 24, 2018 (the "Lawsuit"). The gist of the Lawsuit is that Arroyo was denied access to a certain business establishment owned and operated by Bhanji and located on property owned by Golbahar because the parking facility at the property was not van accessible; had certain barriers; and the handicap parking signage did not comply with ADA requirements.

## III.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SUMMARIZED

Plaintiff's Motion for Summary Judgment (the "MSJ") "seeks: 1) an Order from the Court requiring Defendant to provide accessible parking at the Rainbow Cleaners located at or about 1015 N. Aviation Blvd., Manhattan Beach, California and 2) Judgment in favor of Plaintiff for $4,000." (MSJ, p. 2, ls. 8-11.) The basis for the MSJ is that:

1. Plaintiff claims that he cannot walk because he is paraplegic and therefore uses a wheelchair for mobility. (Memo of P&A, p. 1, ls.17-18.)

2. Plaintiff further claims that by reason of his disability he drives a van that is specially equipped with a ramp that deploys from the passenger side to accommodate his wheelchair. (Memo of P&A, p. 1, ls. 18-20.)

3. Plaintiff further claims that on December 13, 2017, he was desirous of using the services of Rainbow Cleaners, one of the business establishments situated at 1015 N. Aviation Blvd., Manhattan Beach, CA (the "Property"), which is owned by Defendant Golbahar. (Memo of P&A, p. 1, l. 23 to p. 2, l.3; p. 2, ls. 6-7.)

4. While Plaintiff concedes that the parking lot servicing the Property, including Rainbow Cleaners, has a single designated standard handicap parking space and adjoining access aisle he claims he was

deterred from patronizing Rainbow Cleaners because the designated standard handicap parking space and adjoining access aisle were too small to accommodate the deployment of his van's wheelchair ramp. (Memo of P&A, p. 2, ls. 7-15.)

5. Plaintiff also claims that the sign post for the designated handicap parking is to low and obstructed by plants. (Memo of P&A, p. 2, ls. 20-21.) 6. Finally, Plaintiff claims that since Rainbow Cleaners is a convenient place for him to have clothing tailored, mended and cleaned when he is the Manhattan Beach area, he would like the ability to safely and independently park and access that business establishment on a regular basis once the violations are removed. (Memo of P&A, p. 2, ls. 22-27.)

## IV.  PLAINTIFF'S RELEVANT FACTS

Plaintiff Rafael Arroyo, Jr. is paraplegic; he cannot walk and uses a wheelchair for mobility. (PF #1, Joint Evidentiary Appendix ("JEA") Ex 2, page 7, ¶ 2). Mr. Arroyo drives a specially equipped van with a ramp that deploys from the passenger side of the van to accommodate his wheelchair. (PF #2, JEA Ex.2, page 7, ¶3). Mr. Arroyo has a Disabled Person Parking Placard issued to him by the California Department of Motor Vehicles. (PF #3, JEA Ex. 2, page 8, ¶4 and JEA Ex.8, page 60). The Rainbow Cleaners located at or about 1015 N. Aviation Blvd., Manhattan Beach, California. (JEA Ex. 2, page 8, ¶5; PF #4).The Rainbow cleaners is a business establishment and place of public accommodation. (PF #5). Defendant Robert Golbahar is, and was in December 2017, the owner of the property on which the Rainbow Cleaners is located. Further, he is the trustee of the Amanda Pavie Golbahar Childs Trust and Alexis Margaux Golbahar Trust (AKA

3

"Child's Trusts"). Both the trust owns the property on which the Rainbow Cleaners located (PF #7, JEA: Ex.6, pg.39, line 1-7 and 15-21; Ex.7, pg.52, line 6-22). Defendant Nick Bhanji is, and was in December 2017, the owner and operator of the Rainbow Cleaners (PF #8; JEA Ex.6, pg.39, line 9-13 and 21-26; Ex.7 pg.52, line 21-22). Parking spaces are one of the facilities, privileges and advantages offered by the Defendant to the customers of the Coffee Shop. (PF #9).

On December 13, 2017 Mr. Arroyo went to the Rainbow cleaners to have some items tailored and mended. (PF #10, JEA Ex. 2, page 8, ¶5 Ex.2, pg.8, ¶5-6 and JEA Ex.4, pg.15). As he pulled in to park, he found that there was not a single van accessible parking space available for disabled persons. (PF #11, JEA Ex.2, pg.8 ¶7 and JEA Ex.4, pg.15, 16). Instead, there was a standard handicap parking space and narrow access aisle, reserved for smaller cars that do not need an eight-foot access aisle. (PF #12, JEA Ex.2, pg.8, ¶8 and JEA Ex.4, pg.15, 16). Mr. Arroyo needs a van accessible parking space with an eight foot access aisle in order to deploy his wheelchair ramp. (PF #13, JEA Ex.2, pg.8, ¶9). Because there was no van accessible parking space or access aisle, he could not park safely and he was deterred from patronizing the Rainbow cleaners. (PF #14, JEA Ex.2, pg.8, ¶10). This caused Mr. Arroyo difficulty, discomfort and frustration. (PF #15, JEA Ex.2, pg.8, ¶11).

When Plaintiff's counsel's investigator, Evens Louis, inspected the Rainbow Cleaners subsequent to Plaintiff's visit, he found that there were approximately 14 off street parking spaces, one of which was reserved for use by persons with disabilities. (PF #16, JEA Ex.3, pg.11, ¶4 and JEA Ex.5, pg.17-30). Further, the signpost was 38 inches high and was obstructed by plants. (PF #17, Ex.3, pg.11, ¶6 and Ex.5, pg.17-30).

The Rainbow Cleaners is a convenient place for Mr. Arroyo to have clothing tailored, mended and cleaned when he's in the Manhattan Beach area. (PF #18, JEA Ex.2, pg.8, ¶13). He would like the ability to safely and independently park and access the rainbow cleaners. (PF # 19, JEA Ex.2, pg.8-9, ¶14). Once the violations are removed, he plans to visit the rainbow cleaners on a regular basis. (PF #20, JEA Ex.2, pg.9, ¶15).

## V. DEFENDANT GOLBAHAR'S STATEMENT OF SUPPLEMENTAL MATERIAL FACTS

1. The Property that is the subject matter of this Lawsuit is a small strip mall located on Aviation Blvd. in the City of Manhattan Beach. It was developed as strip mall in or about the 1970's, which was well before adoption of the ADA and consequently before the 2010 ADA parking requirements came into effect. (JEA, Ex. 9: Golbahar's Declaration in Support of Opposition to the MSJ, Ex. 9, pg. 63, ¶ 3; D2)

2. Golbahar acquired the Property through a purchase and sale transaction that consummated on May 4, 2012, with the recording of a Grant Deed in the Office of the County Recorder of Los Angeles County, California as Document No. 20120669526. (JEA, Golbahar's Declaration in Support of Opposition to the MSJ, Ex. 9, pg. 63, ¶ 4.)

3. At the time that Golbahar acquired the Property and on December 13, 2017, when Plaintiff claims he went to the Property, it was serviced by a parking lot that provided access to all of the Property's tenants, including Rainbow Cleaners. (SJEA, Golbahar's Declaration in Support of Opposition to the MSJ, Ex. 9, pg. 63, ¶ 5.)

4. At the time that Golbahar acquired the Property and at all times since then up to the present, due to its size the parking lot that services

and is part of the Property has but one (1) parking space that is assigned, striped, and designated for handicap parking. This handicap parking space is 96 inches in width with an adjacent access aisle that is 60 inches in width, and along with the other parking spaces provides an access route to the business establishments located on the Property, including Rainbow Cleaners. Accordingly, while the Property's parking lot does have a designated handicap parking space it never had and does not now have a van accessible handicap parking space.  (JEA, Ex. 9: Golbahar's Declaration in Support of Opposition to the MSJ, pg. 63-64, ¶ 6.)

5.  Since Golbahar's acquisition of the Property in 2012 it has **not** undergone any significant changes and the parking lot configuration has not changed nor has it been altered as it continues to have the same 14 parking spaces, one of which is reserved for handicap parking, i.e., to be used exclusively by persons with disabilities. In addition, and just as importantly, since Golbahar's acquisition of the Property in 2012 up to the present time it has **not** been re-striped. (JAE, Ex. 9: Golbahar's Declaration in Support of Opposition to the MSJ, pg. 64, ¶ 7)

## VI.  PLAINTIFF'S LEGAL DISCUSSION
## THE LACK OF ACCESSIBLE FACILITIES

Under Title III of the Americans With Disabilities Act of 1990 ("ADA"), the general rule is that: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The term "discrimination" can be misleading. The ADA

applies not just to intentional discrimination but to thoughtlessness and indifference:

> Its passage was premised on Congress's finding that discrimination against the disabled is most often the product, not of invidious animus, but rather of thoughtlessness and indifference, of benign neglect, and of apathetic attitudes rather than affirmative animus. The concept of "discrimination" under the ADA does not extend only to obviously exclusionary conduct—such as a sign stating that persons with disabilities are unwelcome or an obstacle course leading to a store's entrance. Rather, the ADA proscribes more subtle forms of discrimination—such as difficult-to-navigate restrooms and hard-to-open doors— that interfere with disabled individuals' "full and equal enjoyment" of places of public accommodation.

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944-45 (9th Cir. 2011) (internal quotes and citations removed for readability).

To succeed on his Title III, ADA claim, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). "The third element—whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 847 (N.D. Cal. 2011) *citing*, *Chapman*, 631

F.3d at 945. This is because discrimination is defined both as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" and, where there are no alterations, "a failure to remove architectural barriers…in existing facilities…where such removal is readily achievable." 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv). Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. Plaintiff must be disabled. 42 U.S.C. § 12182(a);
2. The defendants' facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA *Id.*;
3. The defendants must be responsible parties, i.e., owners, operators, lessors or lessees. *Id.*;
4. The defendants' facility must have either undergone an alteration that did not comply with the access standards or contain an easily removed barrier that the defendants failed to remove. 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv);
5. Plaintiff must have actually encountered this non-removed and unlawful barrier. 42 U.S.C. § 12188(a).

As discussed below, Mr. Arroyo's civil rights were violated because Defendants failed to provide accessible parking at the Rainbow Cleaners. Plaintiff will discuss each element, seriatim.

## A.        Plaintiff is Disabled

Mr. Arroyo has severe mobility impairments. He cannot walk and uses a wheelchair for mobility. (SUF #1, JEA: Ex. 2, page 7-8, ¶ 2-4 and Ex.8, page 60).

There can be little doubt that he fits the qualification under the Americans with Disabilities Act as a person with a disability. 42 U.S.C. § 12102(2)(A) (defining a physical impairment substantially affecting a major life activity as qualifying as a disability).  Given Mr. Arroyo's inability to walk, this is not a genuine issue.

## B.      Defendants Own and Operate a Place of Public Accommodation

The Rainbow Cleaners is a public accommodation, which the defendant admits (SUF 5). Further, laundromats and dry cleaners are specifically mentioned as places of public accommodation by statute. (See 42 U.S.C. § 12181(7)(F)). The Defendants own and operate this place of public accommodation. (SUF #6 & 7). The Defendants, therefore, have an obligation to comply with the anti-discrimination provisions of Title III of the Americans with Disabilities Act.

## C.      The Rainbow Cleaners Had Barriers That Were Readily Removed

The ADA defines "discrimination" as a failure to remove architectural barriers where it is readily achievable to do so. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "barrier" is not defined in the Act itself but is defined in the Technical Assistance Manual:

> III-4.4100: What is an architectural barrier? Architectural barriers are physical elements of a facility that impede access by people with disabilities. These barriers include more than obvious impediments such as steps and curbs that prevent access by people who use wheelchairs.

9

Department of Justice, Technical Assistance Manual on the American with Disabilities Act (BNA) §§ III-4.4100 (1991). Case law is more specific. "To determine if Plaintiff describes an 'architectural barrier' the Court must turn to the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). If an element does not meet or exceed ADAAG standards, it is considered a barrier to access." *Rush v. Denco Enterprises, Inc.*, 857 F. Supp. 2d 969, 973 (C.D. Cal. 2012) (internal cites omitted). "Any element in facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (identifying this as the formal position of the Department of Justice). These are "objective" and "precise" standards and "the difference between compliance and noncompliance" is "often a matter of inches." *Id.*

### ***Lack of accessible parking***

The lack of accessible parking constitutes a barrier. Under the 1991 Standards, any business that provides parking spaces must provide parking spaces marked as reserved for persons with disabilities. 1991 Standards § 4.1.2(5). One in every eight of those accessible parking spaces, but not less than one, must be a "van" accessible parking space, *i.e.*, having an eight foot (96 inch wide) access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six of those accessible parking spaces, but not less than one, must be "van" accessible, i.e. having an eight foot access aisle, or alternatively, having a stall measuring 132 inches in width with a 60 inch adjacent access aisle. 2010 Standards § 502.2. (The Plaintiff recognizes that, technically, either the 1991 Standards or the 2010 Standards govern in this case, but not both simultaneously. However, both Standards are cited to

10

1    demonstrate that it does not matter which Standard is applied because

2    the parking did not comply with either Standard.)

3        Furthermore, to qualify as a reserved accessible parking space, the

4    space must be properly marked and designated. Under the ADA, the

5    method, color of marking, and length of the parking space are to be

6    addressed by State or local laws or regulations. See 36 C.F.R., Part 1191,

7    § 502.3.3. Under the California Building Code, to properly and

8    effectively reserve a parking space for persons with disabilities, each

9    parking space must be at least 216 inches (18 feet) in length. CBC §

10   11B-502.2

11       Under the California Building Code, to properly and effectively

12   reserve a parking space for persons with disabilities, each such space

13   must be identified with a reflectorized sign permanently posted adjacent

14   to and visible from each stall or space. CBC § 1129B.4. The sign must

15   consist of the International Symbol of Accessibility (♿) in white on a

16   blue background. *Id.* An additional sign or additional language below the

17   symbol of accessibility must state, "Minimum Fine $250" to ensure that

18   the space remains available for persons with disabilities. *Id.* Another sign

19   must be posted in a conspicuous place at the entrance to the parking lot

20   or immediately adjacent to each handicap parking space, with lettering 1

21   inch in height, that clearly and conspicuously warn that unauthorized

22   vehicles parking in the handicap parking spaces can be towed at the

23   owner's expense. *Id.*  Additionally, the words "NO PARKING" shall be

24   painted on the ground within each 8-foot… loading and unloading

25   access aisle. This notice shall be painted in white letters no less than 12

26   inches… high and located so that it is visible to traffic enforcement

27   officials." CBC § 11B-502.3.3.

28

1    Here, the Rainbow Cleaners did not have a single van accessible
2    parking space on the date of Plaintiff's visit on December 13, 2017.
3    (SUF 9-12; JEA Ex. 2, pg. 8 ¶4-7; JEA: Ex. 4 (Photos of Arroyo), pgs.
4    14-16; JEA, pg. 12, Ex. 3 ¶ 4.).

5    In any event, providing and maintaining accessible parking is
6    readily achievable. Even a cursory review of the Code of Federal
7    Regulations indicates that this type of action, i.e., providing accessible
8    parking, is of the type identified as likely to be readily achievable. 28
9    C.F.R. § 36.304(b)(18). In such circumstances, the question about
10   whether the fix is readily achievable has been definitively answered.

11
12              **VII.   DEFENDANT'S LEGAL DISCUSSION**

13   As Plaintiff's Memorandum of Points and Authorities points out
14   and discusses, one of the key elements necessary for a plaintiff to
15   establish a claim for a violation of the ADA with respect to
16   discrimination involving accessibility standards for public
17   accommodations is that he/she must prove that, "The defendants' facility
18   must have either undergone an alteration that did not comply with the
19   access standards or contain an easily removed barrier that defendants
20   failed to remove." (Plaintiff's Memo of P&A, p. 4, l. 3 to p. 5, l. 2.;
21   Ex.11, pg.76-77)

22   Here, despite all the rhetoric by his own admission Plaintiff has
23   failed to establish one of the key elements of his claim for a violation of
24   the ADA with respect to van accessible parking at the parking facility
25   servicing the Property. That is because not only has there been a failure
26   on the part of the Plaintiff to establish that that the Property has
27   undergone any type of alteration since the 2010 amendment to the ADA
28   requiring handicap van accessible parking, there is no proof that the

12

Property's parking facility has been restripped since the 2010 amendment to the ADA requiring handicap van accessible parking. (JEA: Ex.11, pg.77)

On the other hand, Defendant Golbahar has demonstrated that since he acquired the Property in May of 2012, the Property it has not undergone any type of alteration and just as importantly it has never been restripped. In other words, nothing has been done with the Property, including the parking lot servicing the Property,that could possibly trigger the application of 2010 amendment to the ADA concerning handicap van accessibility parking. The bottom line is that that Plaintiff has failed to demonstrate one of the key elements to state an ADA claim, namely that the Property is in violation of the ADA because it does not have handicap van accessible parking. In this regard, it must be again emphasized that just because a property does not have handicap van accessible parking does not ipso facto condemn the property as being in violation of the 2010 ADA requirements with respect to handicap van accessible parking. There are exceptions and one of those exceptions is legal pre-existing non-conforming use, which is applicable to the Property here in issue. (JEA: Ex.11, pg.77)

## VIII.   PLAINTIFF: THE LACK OF COMPLIANT PARKING IS UNLAWFUL UNDER CALIFORNIA LAW

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Civ. Code § 51 (f).  "A violation of the ADA is, by statutory definition, a violation of both the Unruh Act and the DPA." *Cullen v. Netflix, Inc.*, 880 F.Supp.2d 1017, 1023 (N.D. Cal. 2012). "Because the Unruh Act is coextensive with the

1   ADA and allows for monetary damages, litigants in federal court in
2   California often pair state Unruh Act claims with federal ADA claims."
3   *Molski*, 481 F.3d at 731. As discussed above under section "IV", the
4   defendants violated the ADA. Thus, there has been a per-se violation of
5   Unruh.

6

7                        **IX.  PLAINTIFF: REMEDIES**

8           The Plaintiff seeks both injunctive relief and statutory damages.
9   Under the ADA, the plaintiff is entitled to injunctive relief. 42 U.S.C. §
10  12188(a). Such injunctive relief "shall include an order to alter facilities
11  to make such facilities readily accessible to and useable by individuals
12  with disabilities" to the extent required by the ADA. *Id.* at 12188(a)(2).
13  "Allegations that a plaintiff has visited a public accommodation on a
14  prior occasion and is currently deterred from visiting that
15  accommodation by accessibility barriers establish that a plaintiff's injury
16  is actual or imminent." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th
17  Cir. 2008). "We have found actual or imminent injury sufficient to
18  establish standing where a plaintiff demonstrates an intent to return to
19  the geographic area where the accommodation is located and a desire to
20  visit the accommodation if it were made accessible." *D'Lil v. Best*
21  *Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).

22          The Rainbow Cleaners is a convenient place for Mr. Arroyo to
23  have his clothing cleaned when he's in Manhattan Beach. (JEA: Ex. 2
24  pg. 8, ¶6.) He would like the ability to safely and independently park and
25  access then Rainbow Cleaners. Once the violations are removed, he
26  plans to visit the Rainbow Cleaners on a regular basis and ongoing basis.
27  (SUF #19-21, JEA, Ex. 2, pg.9, ¶15-16). Thus, Mr. Arroyo has standing
28  to seek the fix.

Statutory damages can be recovered for a violation of the Unruh Civil Rights Act "if the violation denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." Cal. Civ. § 55.56(a). A denial of full and equal access takes place where a plaintiff "personally encountered" the violation and it resulted in "difficulty, discomfort or embarrassment." Cal. Civ. § 55.56(b). Under the Civil Code, the plaintiff is entitled to recover a statutory penalty for "each offense" (Cal. Civ. Code § 52(a)) which has been defined as "each particular occasion that the plaintiff was denied full and equal access . . .." Cal. Civ. Code § 55.56(e). A plaintiff can recover for both actual encounters and occasions where personal knowledge of a barrier deterred the plaintiff from attempting patronage. Cal. Civ. § 55.56(b).

Here, Mr. Arroyo personally encountered the access standards. (JEA: Ex.2, pg.8, ¶5-6, ¶12) Mr. Arroyo seeks one penalty. There are no genuine issues in dispute here and the Plaintiff is entitled to the statutory award of $4,000 under the Unruh Civil Rights Act for each of his encounters and any deterrence. "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). Plaintiff seeks an award of $4,000.

## X.   DEFENDANT GOLBAHAR'S CONTENTIONS SUMMARIZED

The MSJ must and should be denied on each of the following grounds and for each of the following reasons:

1.   While Plaintiff's "Relevant Facts" states that since Rainbow Cleaners is a convenient place for him to have clothing tailored, mended and cleaned when he is the Manhattan Beach area, he would like the

15

1    ability to safely and independently park and access that business

2    establishment on a regular basis once the violations are removed (Memo

3    of P&A, p. 2, ls. 22-27; Arroyo's Dec. ¶s 13 and 14; JEA: Ex.2, pg.8-9),

4    he not offered a single fact to support that claim. For example: he has not

5    disclosed where he lives, only that Rainbow Cleaners is 25 miles from

6    his house. Similarly, he has not demonstrated how often he in fact visits

7    Manhattan Beach and why Rainbow Cleaners, which is 25 miles from

8    his home, "would be a convenient place to have his clothing mended and

9    cleaned" especially since it is uncontraverted that he never before had

10   occasion to use the services of that business establishment.

11          Therefore, triable issues of fact are presented that would tend to

12   show that Plaintiff is no more than a ***serial litigant*** who uses these

13   allegations merely as a bootstrap in an attempt to support a frivolous

14   ADA claim. What this further demonstrates is that Plaintiff being a serial

15   litigant does not have clean hands, which not only has been raised as an

16   affirmative defense to this action, but also raises triable issues of fact

17   that cannot be resolved on a MSJ.

18          2.  Although the Property does not have van accessible parking it

19   is not a violation of the ADA by reason of the "Safe Harbor" provisions

20   of the 2012 enactments to the ADA. Thus, although the handicap

21   parking at the Property may not meet the current ADA requirements for

22   van accessible handicap parking, the current handicap parking

23   configuration as it now exists is legal non-conforming use. The reason

24   for this is that the evidence is uncontradicted that since Golbahar's

25   acquisition of the Property in 2012 it has not undergone any significant

26   changes and the parking lot configuration has not changed nor has it

27   been altered as it continues to have the same 14 parking spaces, one of

28   which is reserved for handicap parking, i.e., to be used exclusively by

persons with disabilities. In addition, and just as importantly, since Golbahar's acquisition of the Property in 2012 up to the present time it has *not* been re-striped. In fact, there is no evidence as to when the Property was last remodeled, or the parking lot had been restripped.

Therefore, at the very least there are triable issues as to one of the crucial elements for Plaintiff to state an ADA Claim, i.e., that the failure of the Property to meet the present van accessible requirements of the ADA is a violation the current requirements ADA with respect to handicap van accessible parking.

By reason of the Property's size and configuration it has the minimum number of parking spaces allowable under the City of Manhattan Beach's parking ordinance requirements. Further, in order to comply with the current ADA requirements for van parking it would be necessary to reduce the reduce the number of parking spaces at the Property, which would bring it out of compliance with the City of Manhattan Beach's parking ordinance applicable to the Property. (Golbahar's Declaration in Support of Opposition to the MSJ, ¶ 8)

Therefore, once again and yet for another reason at the very least there are triable issues as to whether it is ***architecturally feasible*** for the Property to be modified to provide for van accessible parking under the current requirements of the ADA.

## XI.  PLAINTIFF'S CONCLUSION

The Plaintiff respectfully requests this Court grant his motion.

17

## XII.   DEFENDANT'S CONCLUSION

Upon each of the foregoing grounds and reasons, it is respectfully urged that Plaintiff's MSJ must and should be DENIED.

Dated: November 9, 2018        CENTER FOR DISABILITY ACCESS


By*: /s/ Sara N. Gunderson*

Sara N. Gunderson

Attorneys for Plaintiff




Respectfully submitted,

Law Offices of Morton Minikes


Dated: November 8, 2018        */s/    Morton Minikes*

**Morton Minikes**

Attorney for Defendant Robert Golbahar, an individual and in representative capacity as trustee of the Amanda Pavie Golbahar Childs Trust, dated January 28, 2010, and of the Alexis Margaux Golbahar Childs Trust, dated January 28, 2010