# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ARROYO, JR., | Case No. CV 18-0594 FMO (JEMx) |
| Plaintiff, | |
| v. | **ORDER RE: MOTION FOR SUMMARY JUDGMENT** |
| ROBERT GOLBAHAR, et al., | |
| Defendants. | |

On January 24, 2018, plaintiff Rafael Arroyo, Jr. ("plaintiff") filed a complaint against Robert Golbahar[1] ("defendant") alleging violations of the Americans With Disabilities Act, 42 U.S.C. §§ 12101, et seq., and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, et seq. (See Complaint at ¶¶ 27-38). Having reviewed and considered the Motion for Summary Judgment (Dkt. 27-1, "Motion"), filed by plaintiff against defendant, and all accompanying briefs and exhibits, the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

---

[1] Robert Golbahar is being sued both individually and in his capacity as trustee of the Amanda Pavie Golbahar Childs Trust and the Alexis Margaux Golbahar Trust.

**STATEMENT OF FACTS**[2]

Rainbow Cleaners is a business located in a strip mall in Manhattan Beach, California. (See Dkt. 27-2, Joint Statement of Uncontroverted Facts and Conclusions of Law ("SUF") at D2). Defendant owns Rainbow Cleaners.[3] (See id. at P6). The parking lot adjacent to Rainbow Cleaners has 14 spaces, one of which is designated as a handicap space. (See id. at D5).

Plaintiff is a paraplegic who uses a wheelchair. (See Dkt. 27-2, SUF at P1). On December 13, 2017, plaintiff visited Rainbow Cleaners to have a jacket tailored and replace a button.[4] (See id. at P10); (Dkt. 27-4, Joint Evidentiary Appendix ("App.") Exhibit ("Exh.") 2, Declaration of Rafael Arroyo, Jr. ("Arroyo Decl.") at ¶ 5). Plaintiff drives a van specially equipped with a ramp that deploys from the passenger side of the vehicle. (See Dkt. 27-2, SUF at P2). When plaintiff

---

[2] Unless otherwise noted, the facts set forth in this section are undisputed. Except for objections to personal knowledge and competency, see Fed. R. Civ. Proc. 56(e), to the extent that the court relies on evidence to which an objection has been raised, those objections are overruled. See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003) (holding that, on summary judgment, the court "do[es] not focus on the admissibility of the evidence's form" but rather "focus[es] on the admissibility of its contents"); Block v. City of Los Angeles, 253 F.3d 410, 419 (9th Cir. 2001) (In summary judgment proceedings, "a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.") (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986) ("Celotex")).

[3] Defendant is also trustee of the Amanda Pavie Golbahar Childs Trust and the Alexis Margaux Golbahar Trust, which apparently also have an ownership stake in Rainbow Cleaners and the property it is located on. (See Dkt. 27-2, SUF at P7).

[4] Defendant contests whether plaintiff actually visited Rainbow Cleaners. (See Dkt. 27-2, SUF at P10). However, for evidentiary support, defendant simply cites his Answer to the complaint and a declaration from his attorney. (See id.). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 11, 106 S.Ct. 1348, 1355 n. 11 (1986) (quoting Fed. R. Civ. P. 56(e)). Likewise, "[w]here the declarant lacks personal knowledge of the facts stated," a declaration made in opposition to summary judgment is "entitled to no weight." Express, LLC v. Fetish Grp., Inc., 464 F.Supp.2d 965, 977 (C.D. Cal. 2006); see Bank Melli Iran v. Pahlavi, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations at summary judgment stage "were entitled to no weight because the declarant did not have personal knowledge"). Here, the Answer and attorney's declaration are insufficient to create a genuine dispute of material fact as to whether plaintiff visited Rainbow Cleaners.

arrived at Rainbow Cleaners, he discovered that the parking lot did not have a van-accessible parking space. (See id. at P11; Dkt. 27-4, Arroyo Decl. at ¶¶ 7-8). According to plaintiff, the parking lot's sole space reserved for disabled individuals was too small for a van. (See Dkt. 27-4, Arroyo Decl. at ¶ 8). As a result, plaintiff was deterred from patronizing Rainbow Cleaners. (See id. at ¶ 10).

## **LEGAL STANDARD**

Rule 56(a) of the Federal Rules of Civil Procedure authorizes the granting of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The standard for granting a motion for summary judgment is essentially the same as for granting a directed verdict. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986). Judgment must be entered "if, under the governing law, there can be but one reasonable conclusion as to the verdict." Id.

The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex, 477 U.S. at 323, 106 S.Ct. at 2553. If the moving party fails to carry its initial burden of production, "the nonmoving party has no obligation to produce anything." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102-03 (9th Cir. 2000) ("Nissan Fire").

If the moving party has sustained its burden, the burden then shifts to the nonmovant to identify specific facts, drawn from materials in the file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Celotex, 477 U.S. at 324, 106 S.Ct. at 2553; Anderson, 477 U.S. at 256, 106 S.Ct. at 2514 (holding that a party opposing a properly supported motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial.").[5] A factual dispute is material only if it affects the

---

[5] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." Local Rule 56-3.

1 outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth. SEC v. Seaboard Corp., 677 F.2d 1301, 1306 (9th Cir. 1982). Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S.Ct. at 2552; see Anderson, 477 U.S. at 252, 106 S.Ct. at 2512 (parties bear the same substantive burden of proof as would apply at a trial on the merits).

In determining whether a triable issue of material fact exists, the evidence must be considered in the light most favorable to the nonmoving party. See Barlow v. Ground, 943 F.2d 1132, 1134 (9th Cir. 1991), cert. denied, 505 U.S. 1206 (1992). However, summary judgment cannot be avoided by relying solely on "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986) (more than a "metaphysical doubt" is required to establish a genuine issue of material fact). "The mere existence of a scintilla of evidence in support of the plaintiff's position" is insufficient to survive summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252, 106 S.Ct. at 2512.

## DISCUSSION

Plaintiff seeks relief only under the Unruh Civil Rights Act ("Unruh Act"). (See Dkt. 27-1, Motion at 1) ("In this motion, Plaintiff is seeking a ruling that his rights were violated under the Unruh Civil Rights Act, a single statutory penalty of $4,000, and an Order requiring [defendant] to make the parking at the Rainbow Cleaners accessible"). "In the disability context, California's Unruh Civil Rights Act operates virtually identically to the ADA." Molski v. M.J. Cable, Inc., 481 F.3d 724, 731 (9th Cir. 2007); see Schutza v. Cuddeback, 262 F.Supp.3d 1025, 1029 (S.D. Cal. 2017) ("The Unruh Act also provides that a violation of the federal ADA constitutes a violation of § 51 of the Unruh Act."). Thus, "[a]ny violation of the ADA necessarily constitutes a violation of the Unruh Act." Molski, 481 F.3d at 731. But unlike the ADA, the Unruh Act "allows for monetary damages," and for this reason, "litigants in federal court in California often pair state Unruh Act

claims with federal ADA claims." Crandall v. Starbucks Corp., 249 F.Supp.3d 1087, 1122 (N.D. Cal. 2017) (quoting Molski, 481 F.3d at 731).

"Title III of the ADA prohibits discrimination by public accommodations[.]" Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 669 (9th Cir. 2010). "To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Id. at 670.

Here, the parties do not dispute that plaintiff, who requires the use of a wheelchair for mobility, (see Dkt. 27-2, SUF at P1), is disabled within the meaning of the ADA. (See, generally, Dkt. 27-1, Motion). The parties likewise do not contest that Rainbow Cleaners is a place of public accommodation. (See Dkt. 27-2, SUF at P5). Instead, the parties dispute the third element of Title III liability. "The third element – whether plaintiffs were denied public accommodations on the basis of disability – is met if there was a violation of applicable accessibility standards." Moeller v. Taco Bell Corp., 816 F.Supp.2d 831, 847 (N.D. Cal. 2011); see Johnson v. Shiva Rental, LLC, 2018 WL 5785343, *3 (E.D. Cal. 2018) (same); Love v. Sanchez, 2016 WL 6683152, *2 (C.D. Cal. 2016) (same). "There are three categories of accessibility requirements under Title III of the ADA – the 'new construction' provisions, which apply to public accommodations constructed after January 26, 1993; the 'alteration' provisions, which apply to post-January 26, 1992 alterations to buildings that existed as of that date; and the 'readily achievable' provisions, which apply to unaltered portions of buildings constructed before January 26, 1993." Moeller, 816 F.Supp.2d at 847.

Here, it is undisputed that the strip mall on which Rainbow Cleaners is located was developed in the 1970s, and has not been significantly altered since defendant's 2012 acquisition of the property. (See Dkt. 27-2, SUP at D2 & D5). Thus, the "readily achievable" provisions apply. See Moeller, 816 F.Supp.2d at 847; Rodriguez v. Barrita, Inc., 10 F.Supp.3d 1062, 1073 (N.D. Cal. 2014) ("[T]he 'readily achievable' provisions . . . apply to unaltered portions of buildings constructed before January 26, 1992."). Under those provisions, "[a] public accommodation shall

remove architectural barriers in existing facilities . . . where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense." 28 C.F.R. § 36.304.

Defendant does not dispute that Rainbow Cleaner's parking lot lacks a van-accessible handicapped parking space. Instead, defendant concedes that "while the Property's parking lot does have a designated handicap parking space it never had and does not now have a van accessible parking space." (Dkt. 27-1, Motion at 6). However, plaintiff argues that the absence of a van-accessible parking space is an "architectural barrier" under § 36.304, which, if not removed where removal is readily achievable, would render defendant liable. (See Dkt. 27-1, Motion at 9-10). The court agrees. See Vogel v. Rite Aid Corp., 992 F.Supp.2d 998, 1009 (C.D. Cal. 2014) (lack of van accessible parking spaces constitutes architectural barrier); Lozano v. C.A. Martinez Family Ltd. P'ship, 129 F.Supp.3d 967, 972-73 (S.D. Cal. 2015) (same); 42 U.S.C. § 12182(b)(2)(A)(iv) (ADA defining discrimination as a failure to remove architectural barriers); 28 C.F.R. § 36.304.

Defendant contends that plaintiff, as an element of his ADA discrimination claim, must show that the Rainbow Cleaners property has undergone an alteration since defendant acquired it in 2012. (See Dkt. 27-1, Motion at 12-13). But defendant cites no legal authority to support this contention.[6] (See, generally, id.). In any event, as other courts have explained, the "readily achievable standards apply to buildings constructed before January 26, 1993[.]" Hernandez v. Polanco Enters., Inc., 19 F.Supp.3d 918, 931 (N.D. Cal. 2013) (internal quotation marks omitted); Moeller, 816 F.Supp.2d at 847; Rodriguez, 10 F.Supp.3d at 1073 ("[T]he 'readily achievable' provisions . . . apply to unaltered portions of buildings constructed before January 26, 1992.").

Defendant also invokes the "Safe Harbor provisions of the 2012 enactments to the ADA." (Dkt. 27-1, Motion at 16). The 2010 ADA Accessibility Guidelines ("AADAG") "include[] a 'safe harbor' provision, which states: 'Elements that have not been altered in existing facilities on or

---

[6] Indeed, defendant's portions of the joint summary judgment brief do not include a single citation to any case authority. (See, generally, Dkt. 27-1, Motion at 2-3, 12-13, 15-17).

after March 15, 2012 and that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards.'" Rush v. Hyun Suk Kim, 908 F.Supp.2d 1117, 1119 n. 2 (C.D. Cal. 2012). But the safe harbor provision is of no help to defendant, because "[u]nder both the 1991 and 2010 ADAAG standards, any business that provides parking spaces must provide at least one accessible parking space conforming to the Guidelines' specifications." Johnson v. Lababedy, 2016 WL 4087061, *4 (E.D. Cal. 2016). And "[u]nder the 1991 standards, one in every eight accessible spaces, but not less than one, shall be designated 'van accessible.'" Id. (citing 28 C.F.R. § 4.1.2(5)(b)). Further, under the 1991 standards, defendant is required to have at least one van-accessible space in order to be in compliance. See 28 C.F.R. § 4.1.2.5(a).

Defendant also seems to argue that because plaintiff is "no more than a serial litigant," his claim must fail. (Dkt. 27-1, Motion at 16). Defendant's argument is unpersuasive. Defendant provides no authority to support its contention on this score. (See, generally, id.). Moreover, the law recognizes that a plaintiff like Arroyo is more akin to a "tester," i.e., "people whose purpose in attempting to patronize a defendant's establishment is 'to determine whether defendant engaged in unlawful practices.'" The Civil Rights Educ. & Enf't Ctr. v. RLJ Lodging Trust, 2016 WL 314400, *3 (N.D. Cal. 2016) (quoting Tandy v. City of Wichita, 380 F.3d 1277, 1285 (10th Cir. 2004)). In Civil Rights Educ. & Enf't Ctr. v. Hospitality Properties Trust, 867 F.3d 1093 (9th Cir. 2017), the Ninth Circuit held that "anyone who has suffered an invasion of the legal interest protected by Title III may have standing [to bring suit], regardless of his or her motivation in encountering that invasion." Id. at 1102. In other words, an ADA plaintiff's "status as [an] ADA tester[] thus does not deprive [him or her] of standing." Id.

However, there is one issue of material fact which prevents this court from awarding summary judgment to plaintiff. Specifically, defendant alleges that if he has to convert the parking lot's disabled space into a van-accessible space, he would be required to reduce the number of parking spaces in the lot below the number "allowable under the City of Manhattan Beach's parking ordinance requirements." (Dkt. 27-4, App., Exh. 9, Declaration of Robert Golbahar at ¶ 8). This, in turn raises the question of whether the creation of a van-accessible space is a readily

achievable alteration.  See, e.g., Parr v. L & L Drive-Inn Restaurant, 96 F.Supp.2d 1065, 1088-89 (D. Haw. 2000) ("relocating the accessible parking space" held to be "not readily achievable" where the relocation would result "in violation of a Land Use Ordinance").  In other words, all that remains is to "litigate the affirmative defense [of ready achievability] at trial."  Excelsior College v. Frye, 2006 WL 8437032, *3 (C.D. Cal. 2006); see also McComb v. Vejar, 2014 WL 5494017, *6 (C.D. Cal. 2014) ("The majority of federal courts, and the majority of district courts in this Circuit, have held that the 'readily achievable' element is an affirmative defense for which the defendant bears the ultimate burden of persuasion.").

## CONCLUSION

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT plaintiff's Motion for Summary Judgment **(Document 27)** is **granted in part and denied in part**.  Summary judgment is granted as to liability (i.e., the question of whether defendant's parking lot has a van accessible space), but it is denied as to whether the alteration of defendant's property is readily achievable.

Dated this 5th day of July, 2019.

/s/
Fernando M. Olguin
United States District Judge