ORIGINAL

**Morton Minikes, Esq.** (S.B. No. 34308)
Landmark I
11755 Wilshire Blvd.
15th Floor
Los Angeles, CA. 90025-1506
Tel. No. (310) 473-4826
Fax No. (310) 312-3836
Email: minikeslaw@verizon.net

Attorney For Defendant
Robert Golbahar, in individual and
representative capacity as trustee of the
Amanda Pavie Golbahar Childs Trust,
dated January 28, 2010, and of the
Alexis Margaux Golbahar Childs Trust,
dated January 28, 2010

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rafael Arroyo, Jr., | Case No. 2:18-cv-594-FMO-JEM |
| Plaintiff, | DEFENDANT ROBERT GOLBAHAR'S OPENING BRIEF ON THE ISSUE OF MOOTNESS |
| vs. | |
| Robert Golbahar, in individual and representative capacity as trustee of the Amanda Pavie Golbahar Childs Trust dated January 28, 2010, and of the Alexis Margaux Golbahar Childs Trust dated January 28, 2010; Nick Bhanji; and Does 1-10 | District Judge: Fernando M. Olguin<br>Magistrate: John E. McDermott |
| Defendants. | Complaint Filed: 1/24/18 |

1

Case No. 2:18-cv-594-FMO-JEM     Defendant Robert Golbahar's Opening Brief on the Issue of Mootness

I

# INTRODUCTION

On September 20, 2019, Plaintiff filed a "Notice of Indication of Mootness and Request to File Memorandum of points and Authorities re: Relief. (the "Notice"; Dkt. 36.)

On October 2, 2019, this Court issued an Order for "each party [to] file a brief, not to exceed ten (10) pages in length, discussing the issue of mootness." (Dkt. 37.)

This Opening Brief by Defendant Golbahar is offered in Response to this Court's October 2, 2010 Order (Dkt. 37).

II

# DISCUSSION

A. **Plaintiff's Concessions and Contention.**

First, Plaintiff's counsel does not take issue with defense counsel's contention that the parking lot at the Subject Property has been re-stripped to allow for Van Accessible Handicap Parking in conformity with the 2010 Standards of the ADA. (Notice, at p. 2, ls. 5-8; Dkt. 36)

Second, in light of the foregoing it further appears that Plaintiff's counsel does not take issue with Defendant's counsel's contention that one of the critical issues in this case, i.e., lack of Van Accessible Handicap

Parking in conformity with the 2010 ADA Standards, has now been fully satisfied albeit the number of non-handicap parking spaces has been reduced. (Notice, at p. 2, ls. 8-9; Dkt. 36.)

Notwithstanding the foregoing, Plaintiff now contends that just because the parking lot at the Subject Property has been re-stripped to allow for Van Accessible Handicap Parking in conformity with the 2010 ADA Standards, as a matter of law this Court must now find that the change of the prior condition was "readily achievable" and thus violated the ADA as well as the Unruh Civil Rights Act (the Unruh Act). Therefore, this Court is left with no alternative but to amend its Summary Judgment Order (Dkt. 33) and grant summary judgment on this issue. (Notice, at p. 2, ls. 12-26; Dkt. 36.)

B. **Defendant's Opposition and Reply to Plaintiff's Contention.**

Here, the Complaint asserts two (2) causes of action, namely: 1. violations of the ADA, and 2. violations of the Unruh Act. (Dkt 1.)

However, it must be emphasized that the only relief that a plaintiff can obtain for alleged violations of the ADA is injunctive relief. However, any claim for injunctive relief with respect to alleged violations of the ADA with respect to handicap parking is now moot as Plaintiff now concedes that any such violations have now been corrected. (*Wilson v. Pier 1 Imports (US), Inc.*, 439 F. Supp.2d 1054, 1069, 1070, 1071 (2006)).

3

Case No. 2:18-cv-594-FMO-JEM  Defendant Robert Golbahar's Opening Brief on the Issue of Mootness

Likewise, any claim with respect to violations of Unruh Act based on violations of the ADA with respect to handicap parking would also be moot unless there is a showing that correction of the alleged violations were "readily achievable," i.e., "easily accomplishable and able to be carried out without much difficulty or expense. (*Wilson v. Pier 1 Imports (US), Inc.*, *supra*, at pp. 1067-1069.)

However, in the very case principally relied on by the Plaintiff, *Wilson v. Pier 1 Imports (US), Inc.*, *supra*, that Court emphasized that the term "readily achievable" "is not a bright line rule, but rather involves a fact intensive inquiry that will rarely be decided on summary judgment." (*Id.*, at p. 1067.)

Again, in the very case principally relied on by the Plaintiff, *Wilson v. Pier 1 Imports (US), Inc.*, *supra*, that Court also emphatically stated without qualification that, "It is Plaintiff's burden to demonstrate that barrier removal is readily achievable. [Citation omitted.] (*Id.*, at p. 1067.)

In accord:

*Vogel v. Rite Aid Corp.*, 992 F. Supp.2d 998, 1010 (C.D. Cal. 2014)

Notwithstanding, Plaintiff now contends that simply because the Subject Property has been re-stripped to allow for Van Accessible Handicap

4

Parking in conformity with the 2010 ADA Standards this demonstrates as a matter of law that remediation of the prior condition was "readily achievable." In other words, this Court can infer that having the parking lot at the subject Property re-stripped was readily achievable. (Notice, at p. 3; Dkt. 36, citing *Montano v. Bonnie Brae Convalescent Hosp., Inc.*, 79 F. Supp.3d 1120, 1131 (C.D. Cal. 2015.) **NOT SO.**

The court in *Wilson v. Pier 1 Imports (US), Inc., supra*, pointed out that whether correction of the complained of violation was "readily achievable" has to take into account "various factors besides cost, including whether the proposed changes would comply with the applicable codes and regulations, whether the changes would be approved by the City of Fairfield, etcetera." (*Id.*, at p. 1068.)

It is for this precise reason that this Court denied Plaintiff's MSJ on the issue of "readily achievable" as to the Van Accessible Parking issue. (Dkt. 33, at pp. 7-8.)

Here, although the Van Accessible Parking issue has now been rendered moot, Plaintiff has failed to carry his burden of demonstrating that the subject change was "readily achievable." Simply contending that just because a change has been made does not necessarily carry with it a finding

that the change was readily achievable as a matter of law. Saying so does not make it so. (*Wilson v. Pier 1 Imports (US), Inc., supra*, at p. 1068.)

As above pointed out the concept of "readily achievable" is not a bright line rule. Rather it involves a fact intensive inquiry of various factors besides cost, including, but not limited to, whether the proposed changes would comply with the applicable codes and regulations; and in this case whether the changes would be approved by the City of Manhattan Beach. (*Wilson v. Pier 1 Imports (US), Inc., supra*, at p. 1067.)

III

## CONCLUSION

It is Plaintiff's burden Plaintiff to demonstrate that the change in the Handicap Parking Space at the subject Property to Van Accessible parking was "readily achievable." However, it is submitted that under the authority of *Wilson v. Pier 1 Imports (US), Inc., supra*, 439 F. Supp.2d 1054, the very case relied on by Plaintiff, merely showing that there has been change does not satisfy Plaintiff's burden in this regard.

Accordingly, without a showing as why and how the subject change came about this Court is not in a position to amend its MSJ Order (Dkt., 33) to render summary judgment on the accessible Van Parking issue under the ADA and Unruh Act. Such action would require a finding that the change

6

Case No. 2:18-cv-594-FMO-JEM                  Defendant Robert Golbahar's Opening
                                              Brief on the Issue of Mootness

was "readily achievable." However, the record is devoid of any factual showing to support such a finding.

          Respectfully submitted,

          Law Offices of Morton Minikes

          By: *Morton Minikes*
                  **Morton Minikes**
          Attorney for Defendant Robert Golbahar, in individual and representative capacity as trustee of the Amanda Pavie Golbahar Childs Trust, dated January 28, 2010, and of the Alexis Margaux Golbahar Childs Trust, dated January 28, 2010

## PROOF OF SERVICE

COUNTY OF LOS ANGELES    )
                         ) SS
**STATE OF CALIFORNIA**  )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Landmark I, 11755 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025-1506.

On October 7, 2019, I served the foregoing document described as DEFENDANT ROBERT GOLBAHAR'S OPENING BRIEF ON THE ISSUE OF MOOTNESS on the interested parties in this action by:

| | |
|---|---|
| __X__ | **BY MAIL** - placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows: |

Center For Disability Access
Chris Carson, Esq.
Phyl Grace, Esq.
Christopher A. Seabock, Esq.
8033 Linda Vista Road
Suite 200
San Diego, CA 92111
(Attorneys for Plaintiff)

| | |
|---|---|
| __X__ | I deposited such envelope in the mail at Los Angeles, California, with postage thereon fully prepaid |
| __X__ | I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed valid is postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |

Executed on October 7, 2019, at Los Angeles, California

| | |
|---|---|
| __X__ | **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |

*Morton Minikes*
**Morton Minikes**

8

Case No. 2:18-cv-594-FMO-JEM     Defendant Robert Golbahar's Opening Brief on the Issue of Mootness