CENTER FOR DISABILITY ACCESS
Mark D. Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Christopher A. Seabock, Esq., SBN 279640
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385
Fax: (888) 422-5191
phylg@potterhandy.com

Attorney for Plaintiff Rafael Arroyo, Jr

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rafael Arroyo, Jr.,** | Case No.: 2:18-cv-00594-FMO-JEM |
| Plaintiff, | **PLAINTIFF'S BRIEF RE: MOOTNESS/WAIVER OF DEFENDANTS' "READILY ACHIEVABLE" AFFIRMATIVE DEFENSE** |
| v. | |
| **Robert Golbahar,** in individual and representative capacity as trustee of the Amanda Pavie Golbahar Child's Trust, dated January 28, 2010, and of the Alexis Margaux Golbahar Child's Trust, dated January 28, 2010; | Final Pretrial Conference: October 11, 2019 Time: 10:00 a.m. |
| **Nick Bhanji**; and Does 1-10, | Complaint Filed: January 24, 2018 Trial Date: October 29, 2019 |
| Defendants. | Honorable Judge Fernando M. Olguin |

Pursuant to the Court's October 2, 2019 Order (Dkt. 37), the plaintiff hereby submits his brief.

# I. PRELIMINARY STATEMENT

Plaintiff brought the instant Complaint against the owner and operator of Rainbow Cleaners ("the Cleaners") and the owner of the property where the Cleaners is located alleging violations of the Americans with Disabilities Act and Unruh Civil Rights Act. Dkt. 1. In particular, Plaintiff claimed that the Cleaners failed to provide a van-accessible disabled parking space and failed to maintain the standard disabled parking space the Cleaners did provide. Dkt. 1 ¶¶ 2-5, 13-17, 21. Specifically, Plaintiff alleged: "A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a)." Dkt. 1 ¶ 33. Among other remedies, Plaintiff sought "injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act." Dkt. 1, Prayer ¶ 1.

On November 14, 2018, the Parties filed a Joint Motion for Summary Judgment. Dkt. 27. In the Motion, Plaintiff sought both a statutory penalty under the Unruh Act and an injunction under the ADA: "Plaintiff is seeking... a single statutory penalty of $4,000, and an Order requiring [defendant] to make the parking at the Rainbow Cleaners accessible." Dkt. 27-1 p. 5, lines 10-13. On July 5, 2019, the Court granted partial summary judgment to Plaintiff as to liability. Dkt. 33 p. 8, lines 13-14. In its ruling, the Court found undisputed that Plaintiff "is disabled within the meaning of the ADA [and] that Rainbow Cleaners is a place of public accommodation." Dkt. 33 p. 5, lines 9-12. The Court further found no dispute as to the Cleaners' lack of a van-accessible parking space, the fact that its absence constitutes an "architectural barrier[,]" or that Plaintiff personally encountered that barrier, precluding his full and equal access. Dkt. 33 p. 6, lines 4-5; p. 6, lines 7-10; pp. 2-3 and FN4.

Per the Court's Order, there remained only "one issue of material fact which prevents this court from awarding summary judgment to plaintiff." Dkt. 33 p. 7, lines 23-24. Specifically, the only issue of material fact remaining was that "defendant alleges that if he has to convert the parking lot's disabled space into a van-accessible space, he would be required to reduce the number 'allowable under the City of Manhattan Beach's parking ordinance

requirements.'" Dkt. 33 p. 7, lines 24-28.

## II. ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIMS

The analysis under both the Americans with Disabilities Act and the Unruh Civil Rights Act is the same because any violation of the Americans with Disabilities Act is a violation of the Unruh Civil Rights Act. Cal.Civ.Code § 51(f).

Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination:

(1) The plaintiff is disabled [42 U.S.C. § 12102(1)(A)];

(2) Defendant's facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA [42 U.S.C. § 12182(a)];

(3) Defendant's facility must have had unlawful architectural barriers [42 U.S.C. § 12182(b)(2)(A)(iv)] [see also 1991 Standards Americans with Disabilities Act Accessibility Guidelines ("ADAAG") § 4.1.2(5) and 2010 Standards § 502.2 (requiring not less than one van-accessible disabled parking space where parking is provided)];

(4) The Plaintiff must have encountered the architectural barrier precluding his full and equal access to the facility [42 U.S.C. § 12188(a)].

Roberts v. Royal Atlantic Corp., 542 F.3d 363, 368 (2nd Cir. 2008).

The first two elements are clearly defined by statute. Under the ADA, a disability is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Places of public accommodation are codified and include cleaners, such as Defendants'. 42 U.S.C. § 12181. Architectural barriers are defined by the ADAAG. Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011).

Therefore, comparing the elements of a disability discrimination case to the Court's summary judgment ruling, the Court found no genuine dispute of material fact as to any element of Plaintiff's case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III. DEFENDANTS' "READILY ACHIEVABLE" DEFENSE WAS WAIVED, UNSUPPORTED, OR FORFEITED.

#### A. "READILY ACHIEVABLE" WAS WAIVED.

The Court held the sole issue of material fact, above, to "raise[] the question of whether the creation of a van-accessible space is a readily achievable alteration." Dkt. 33 pp. 7-8.

However, "readily achievable" is a defense that is waived if not raised. If a defendant "has failed to plead that barrier removal is not readily achievable in its answer... the defense is waived." Wilson v. Haria and Gogri Corp., 479 F.Supp.2d 1127, 1133, fn. 7 (E.D.Cal. 2007); see also Shedlin v. Balagot, 2016 WL 1128478 at *6 (C.D.Cal. 2016) ("The Court first notes that 'courts are generally in agreement that whether barrier removal is 'readily achievable' is an affirmative defense' and may accordingly be waived..."); Moore v. Chase, Inc., 2016 WL 866121 (E.D.Cal. 2016); Johnson v. Express Auto Clinic, Inc., 2019 WL 2996431 at FN3 (N.D.Cal. 2019); Arroyo v. Aldabashi, 2018 WL 4961637 at FN5 (N.D.Cal. 2018); Dugo v. Jeronimo, LLC, 2018 WL 5877275 at *4 (C.D.Cal. 2018). In Wilson, the court ruled that the defendant had waived the defense that barrier removal was not readily achievable because they did not plead it as an affirmative defense. Moreover, the Wilson court stated that, in such circumstances, the plaintiff need "not come forward with any evidence regarding barrier removal" where the defendant has not pled the affirmative defense. Id. at 1133 fn. 7.

This interpretation is also supported by the plain language of the ADA. The Court cited to the ADA's definition of discrimination at 42 U.S.C. § 12182(b)(2)(A)(iv) for the principle that failure to provide van-accessible parking where readily achievable, constitutes discrimination. Dkt. 33 p. 6, lines 7-14. The very next example of discrimination under the ADA is "**where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable**, the failure to make... alternative methods if such methods are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v). Thus, the ADA itself places the onus on Defendants to raise the issue of whether barrier removal is readily achievable.

1    Defendants failed to do so in their Answer. Accordingly, they have waived such a

2    defense.

3

4                    **B. "READILY ACHIEVABLE" WAS UNSUPPORTED.**

5        Even were the Court inclined to allow Defendants to raise an affirmative defense at

6    summary judgment and after the deadline for Plaintiff to conduct any discovery on the issue

7    [see Court's Scheduling Order, Dkt. 18 pp. 11-12 (closing discovery on October 19, 2018, and

8    setting the deadline to file a motion for summary judgment on November 19, 2019)],

9    Defendants provided insufficient factual basis to do so.

10       Defendants' entire premise that barrier removal is not readily achievable is based on a

11   single paragraph in Defendant Golbahar's Declaration:

12               Moreover, it is my understanding that by reason of the Property's size

13               and configuration it has the minimum number of parking spaces

14               allowable under the City of Manhattan Beach's parking ordinance

15               requirements. Further, in order to comply with the current ADA

16               requirements for handicap van parking it would be necessary to

17               reduce the number of parking spaces at the Property, which would

18               bring it out of compliance with the City of Manhattan Beach's parking

19               ordinance applicable to the property.

20   Dkt. 27-4 p.64, ¶ 8; see also p. 76 ¶ 3 (citing Defendant Golbahar's Declaration as the only

21   authority for said premise).

22       There is no foundation for Defendant Golbahar's knowledge nor is there even a citation

23   to the parking ordinance to which he refers.

24       The ADA – as a federal civil rights law – trumps local municipal ordinances. The

25   technical assistance manual to Title III says that: "State or local officials have no authority to

26   waive ADA requirements." U.S. Dept. of Justice, Civil Rights Division, the American with

27   Disabilities Act: Title III Technical Assistance Manual ("TAM") § 9.2000 (1993). In the

28   supplement to the TAM, the DOJ stated again, "if elements of a State or local code provide a

1   lesser standard of access than the ADA requires, a public accommodation or commercial
2   facility is still required to comply with the applicable ADA provision." Id. at 9.200 (1994
3   Supp.).

4       If this is going to be a readily achievable defense, Defendants have a duty to support it.
5   "Defendants bear the initial burden of production as well as the ultimate burden of persuasion
6   in establishing that remediation is not readily achievable." Rodriguez v. Barrita, Inc.,
7   10 F.Supp.3d 1062, 1082 (N.D.Cal. 2014). Defendants have not even begun to provide
8   information to support this defense. As one court has bluntly stated it: "Summary judgment is
9   the 'put up or shut up' moment in a lawsuit." Siegel v. Shell Oil Co., 612 F.3d 932, 937 (7th
10  Cir. 2010).

11      Finally, with respect to the readily achievable defense, even if providing a van-
12  accessible parking space would require a variance of some local municipalities code, not only
13  does the municipality have to grant it under the Supremacy Clause, but the defense has to
14  demonstrate that they requested the variance and were denied before they could say it was not
15  readily achievable. Getting a permit or seeking a variance is standard practice for any kind of
16  modification – one that is routinely granted. Even actual conversations between building
17  officials and property owners are not admissible: "Defendants also proffer the inadmissible,
18  double hearsay statement of the former building owner that she had been granted a hardship
19  exemption by the City." Lemmons v. Ace Hardware Corp., 2014 WL 3107842, fn. 4 (N.D.Cal.
20  July 3, 2014). But Defendants do not even go that far. The Court has no evidence that
21  Defendant Golbahar spoke to anyone. He is just musing that he "understands" that an
22  unidentified code might be violated.

23      Defendants' post-discovery raising of the potential that a vague and unidentified
24  municipal code might be violated by compliance with federal law is insufficient to find a viable
25  affirmative defense that barrier removal is not readily achievable.

6

## C. "READILY ACHIEVABLE" WAS FORFEITED.

Five days after the Court's ruling, defense counsel sent Plaintiff's counsel "a series of photographs depicting a portion of the subject property showing that it has now been striped to allow for Van Accessible Handicap Parking in conformity with the measurements required by the 2010 Standards of the ADA..." Dkts 36-1, 36-2. Per defense counsel, "the critical issue has been fully remediated." Id.

Defendants had apparently abandoned their position that they could not provide a van-accessible disabled parking space, as required by federal law, due to the potential of violating a mysterious parking ordinance.

New facts, unknown to the Court at the time of its partial denial of Plaintiff's Motion for Summary Judgment, show that the sole issue of material fact was no longer at issue. Thus, no "question of whether the creation of a van-accessible parking space is readily achievable" exists in this case. Successful barrier removal moots the readily achievable issue:

> Having found a barrier, the next step is determining whether the removal of the barrier is readily achievable. **Given that the barrier has already been cured, the court must find that it was readily achievable, and thus that it violated the ADA and subsequently the Unruh Act**. In sum, the court finds that the barrier existed, cure was readily achievable, and therefore the barrier violated the ADA and the Unruh Act... Once again, since defendants have already remedied the barrier, the court must find its removal was readily achievable and grant summary judgment to plaintiff under the state law claim.

Wilson v. Pier 1 Imports (US), Inc., 439 F.Supp.2d. 1054, 1069 and 1071 (E.D.Cal. 2006) (emphasis added); *see also* Johnson v. Wayside Property, Inc., 41 F.Supp.3d 973, 978 (E.D.Cal. 2014); Whitaker v. BOP FIGAT7TH LLC, 2019 WL 1081207 p.*2 (C.D.Cal. 2019); Kalani v. National Seating & Mobility, Inc., 2014 WL 1665226 at p. *3 (E.D.Cal. 2014).

This very Court has upheld this proposition in another case:

> [D]efendant has already made some of the requested modifications to
> other rooms and/or sinks within its facility during the relevant time
> period, . . . thereby demonstrating that the requested modifications
> were readily achievable. *See, e.g., Wilson v. Pier 1 Imports (US),*
> *Inc.,* 439 F.Supp.2d 1054, 1069 (E.D.Cal.2006)
> ("Given that the barrier has already been cured, the court must find
> that it was readily achievable, and thus that it violated the ADA and
> subsequently the Unruh Act."); *Nat'l Alliance for Accessibility, Inc. v.*
> *McDonald's Corp.,* 2013 WL 6408650, *9 (M.D.Fla.2013) ( "Because
> the architectural barriers identified by Plaintiffs have already been
> removed to bring the property into compliance, the Court infers that
> barriers were present, and their removal was readily achievable.").

Montano v. Bonnie Brae Convalescent Hosp., Inc., 79 F.Supp.3d 1120, 1131 (C.D.Cal. 2015).

Thus, even if Defendants allowably and sufficiently raised a readily achievable defense in the Motion for Summary Judgment, their own evidence disproves said defense.

## IV. INJUNCTIVE RELIEF HAS NOT BEEN MOOTED.

As stated earlier, in his Complaint and Motion for Summary Judgment, Plaintiff sought an injunction requiring Defendants to comply with the Americans with Disabilities Act However, Plaintiff's allegations as to the lack of van-accessible parking did not solely pertain to the existence of the space – Plaintiff also complained of Defendants' failure to properly maintain their parking in compliance with the ADA:

> 16. The mandated pole or wall mounted signage with the wheelchair
> logo at the standard parking space is blocked from view by trees.
> 17. Finally, the defendants place a planter pot in the access aisle that
> obstructs the area sued for persons in wheelchairs...
> 21. The defendants have failed to maintain in working and useable

conditions those features..."

33. A public accommodation must maintain in operable working condition those features..."

Dkt. 1. Accordingly, Plaintiff's claim "[f]or injunctive relief, compelling defendants to comply with the Americans with Disabilities Act..." has not been mooted by Defendants' remediation. These types of barriers – impermanent impediments to the use of accessible features by persons with disabilities – are far more likely to recur. They cannot simply be remediated by the painting of a van-accessible stall onto the pavement, but require a change of policy to ensure the trees are not allowed to again grow over the parking sign and ensure the access aisle is not again used as a storage area. Even the space must be maintained to ensure the paint does not fade. Basically, these type of barriers require a court order to preclude recurrence.

## V. MOOTNESS

Even were Plaintiff's claim for injunctive relief moot, the appropriate interpretation would not be, as defense counsel puts it, that "the Lawsuit is now moot..." Dkt. 36-2. A finding that injunctive relief is moot necessitates a finding that Defendants have remediated their property. And, as discussed above, such a finding negates a readily achievable defense, the only "one issue of material fact which prevents this court from awarding summary judgment to plaintiff." Dkt. 33 p. 7, lines 23-24.

Rather, the Court has found true every element of Plaintiff's case and the only issue remaining is now moot. The correct action is not to throw out almost two years of litigation and the Court's findings of fact. The proper action by the Court is to enter judgment for the plaintiff.

Mooting the case, after granted partial summary judgment to Plaintiff as to liability (Dkt 33 p. 8, lines 13-14), would not be in conformity with judicial economy, convenience, and fairness to the litigants. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). The case is all but concluded; findings of fact have been made as to every relevant matter. Requiring the case to start anew in state court (and subjecting Defendants to the fees and costs of defending the same case all over again) would not comport with any of these policies.

## VI. CONCLUSION

The plaintiff respectfully requests this Court review the case law and consider the uncontested facts, order Defendants to comply with the ADA, and enter judgment in his favor in the amount of $4,000.

Dated: October 7, 2019                    CENTER FOR DISABILITY ACCESS


                                          By: /s/ Christopher A. Seabock

                                          CHRISTOPHER A. SEABOCK
                                          Attorney for Plaintiff

Plaintiff's Brief                                    Case #: 2:18-cv-00594-FMO-JEM