CENTER FOR DISABILITY ACCESS
Mark D. Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Christopher A. Seabock, Esq., SBN 279640
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385
Fax: (888) 422-5191
phylg@potterhandy.com

Attorney for Plaintiff Rafael Arroyo, Jr

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rafael Arroyo, Jr.,** | Case No.: 2:18-cv-00594-FMO-JEM |
| Plaintiff, | **PLAINTIFF'S REPLY BRIEF RE: MOOTNESS/WAIVER OF DEFENDANTS' "READILY ACHIEVABLE" AFFIRMATIVE DEFENSE** |
| v. | |
| **Robert Golbahar,** in individual and representative capacity as trustee of the Amanda Pavie Golbahar Child's Trust, dated January 28, 2010, and of the Alexis Margaux Golbahar Child's Trust, dated January 28, 2010; | |
| **Nick Bhanji**; and Does 1-10, | Complaint Filed: January 24, 2018 |
| Defendants. | Honorable Judge Fernando M. Olguin |

Pursuant to the Court's October 2, 2019 Order (Dkt. 37), the plaintiff hereby submits his brief in reply to Defendant's Opening Brief (Dkt. 39).

1

**I. INJUNCTIVE RELIEF HAS NOT BEEN MOOTED.**

Defendant first contends "any claim for injunctive relief… is now moot as Plaintiff now concedes that any such violations have now been corrected." Dkt. 39 p. 3, lines 22-25. This is inaccurate.

As stated in Plaintiff's Opening Brief on the matter, Plaintiff seeks injunctive relief compelling Defendant to comply with the Americans with Disabilities Act based, not only on the lack of a van-accessible parking space painted in its parking lot, but also for failing to keep clear the access aisle and keep visible the applicable signage. Dkt. 40 pp. 8-9. Specifically alleged in Plaintiff's Complaint, "A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a)." Dkt. 1 ¶ 33.

The ADA has been law for nearly 30 years. Despite this, the evidence before the Court is that Defendants have failed to comply. Imagining they will change their behavior without a Court order is speculative, at best. Thus, an injunction is still necessary to address Defendants' policies and procedures regarding maintenance of accessible features, as required by the ADA.

**II. PLAINTIFF'S UNRUH ACT CLAIM HAS NOT BEEN MOOTED.**

Defendant next contends (without any authority to justify such a contention), that "any claim with respect to violations of Unruh Act based on violations of the ADA with respect to handicap parking would also be moot unless there is a showing that correction of the alleged violations were 'readily achievable,' …" Dkt. 39 p. 4, lines 1-5. In fact, the only case Defendant cites in the vicinity of this claim is *Wilson v. Pier 1 Imports (US), Inc.*, 439 F.Supp.2d 1054 (E.D.Cal. 2006). However, a reading of the rulings in *Wilson* shows the claim to be completely without merit: "Therefore, the court concludes that the issue is moot for the purposes of the ADA. However, the claim is not moot under the Unruh Act, since damages are still available…" Id. at 1069.

## III. THOUGH DEFENDANT HAS THE BURDEN TO FIRST RAISE A READILY ACHIEVABLE AFFIRMATIVE DEFENSE, REMOVAL OF THE BARRIER IN THIS CASE IS PRESUMED READILY ACHIEVABLE.

Defendant contends that Plaintiff has the initial burden to raise the premise that barrier removal is readily achievable without citing to any binding case law or disputing the law cited by Plaintiff in opposition of that principle. Dkt. 39 p. 4, lines 15-24. In the same breath, Defendant states that whether barrier removal is readily achievable "'is not a bright line rule, but rather involves a fact intensive inquiry....'" Dkt. 39 p. 4, lines 11-13. In support of this argument, Defendant cites again to *Wilson*, this time to the section that lists the factors in making such an inquiry. Those factors include: "the overall financial resources of the facility...[;] the number of persons employed at such facility; the effect on expenses and resources...; [and] the overall financial resources of the covered entity, including... functions of the workforce of such entity..." Wilson v. Pier 1 Imports (U.S.), Inc., *supra*, at 1067.

Defendant does not, however, explain how expecting a plaintiff to come forth with such information, which is often solely in the hands of the defense, is practical or even possible. Perhaps this logical fallacy is the very reason another case Defendant cites admits, "The Ninth Circuit has yet to decide who has the burden of proving that removal of an architectural barrier is readily achievable." Vogel v. Rite Aid Corp., 992 F.Supp.2d 998, 1010 (C.D.Cal. 2014). That being said, there is bountiful authority before the Court supporting the notion that Defendant has the burden to at the very least put Plaintiff on notice that a readily achievable defense is being raised, so that Plaintiff has the opportunity to conduct discovery on the factors above.

In fact, **the Court's own authority supports Plaintiff's position**. In its ruling on summary judgment, the Court stated:

> In other words, all that remains is to "litigate the affirmative defense [of ready achievability] at trial. " Excelsior College v. Frye, 2006 WL 8437032, *3 (C.D. Cal. 2006); see also McComb v. Vejar, 2014 WL 5494017, *6 (C.D. Cal. 2014) ("The majority of federal courts, and the majority of district courts in this Circuit, have held that the

> 'readily achievable' element is an affirmative defense for which the
> defendant bears the ultimate burden of persuasion.").

Dkt. 33 p. 8 lines 3-8.

Beyond this, Plaintiff has a presumption that barrier removal is readily achievable. As noted at summary judgment, "the installation of disabled van parking is presumed readily achievable under the code. § 36.304(b)(18)." Dkt. 28 pp. 4-5 (citing 28 C.F.R. § 36.304); see also Dkt. 27-1 p. 16 of 22. Plaintiff has put Defendant on notice of this presumption from the start: "The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove..." Dkt. 1 ¶ 22.

Accordingly, Defendants waived a readily achievable defense by not raising it in the Answer. Nonetheless, barrier removal was presumed readily achievable.

## IV. WHILE A PROPERLY RAISED "READILY ACHIEVABLE" DEFENSE DOES OFTEN REQUIRE "AN INTENSIVE INQUIRY," DEFENDANTS' EVIDENCE ANSWERS SUCH AN INQUIRY CONCLUSIVELY.

Defendant argues time and again that a readily achievable inquiry is fact intensive and requires consideration of multiple factors. Dkt. 39 pp. 4-6. Defendant supports this position by citing Plaintiff's own authority, *Wilson v. Pier 1 Imports (U.S.), Inc.* However, the defense appears to have read only those parts of the case that provide good quotes.

The court in *Wilson* does indeed state that a readily achievable determination is "not a bright line rule" and that it "involves a 'fact intensive inquiry...'" Wilson v. Pier 1 Imports (US), Inc., *supra* at 1067.

The court, then, performs such an inquiry on all relevant barriers. As to the parking signage, the court states:

> Defendants' expert reports that the appropriate signs are provided,
> and given that it is more recent in time than plaintiff's report, the
> court must conclude that defendants have cured the defect... Having

4

found a barrier, the next step is determining whether the removal of the barrier is readily achievable. Given that the barrier has already been cured, the court must find that it was readily achievable.

Id. at 1069-70.

Likewise for the accessible stall size: "Given that the barrier has already been removed, the court must find that it was readily achievable," the slope of the parking space: "given defendants' conduct, the court concludes that it was [readily achievable,.]" Id. at 1069-70. A ramp that protruded into the access aisle, curb ramps, and the doorway threshold all received the same analysis. Id. at 1070-73. As Plaintiff has suggested throughout his associated briefs, successful remediation proves conclusively that barrier removal was readily achievable.

## V. CONCLUSION

The Court has already made reasoned findings of fact that Plaintiff is disabled, that Defendants owned, operated, and/or leased a place of public accommodation, that Defendants' Cleaners had an unlawful architectural barrier, and that Plaintiff personally encountered said barrier. Dkt. 33. The Court granted Plaintiff summary judgment "as to liability" with the caveat that "all that remains is to 'litigate the affirmative defense [of ready achievability] at trial'" Dkt. 33 p. 8, lines 3-4, 13-15. However, ready achievability has been mooted as an issue, either by Defendants' failure to raise it as an affirmative defense or by the evidence they themselves provided, which answers the question conclusively.

Therefore, Plaintiff requests this Court review the case law (which states that when a barrier has been cured, "the court **must** find that it was readily achievable") and consider the uncontested facts, order Defendants to comply with the ADA, and enter judgment in Plaintiff's favor in the amount of $4,000.

Dated: October 10, 2019      CENTER FOR DISABILITY ACCESS


By: /s/ Christopher A. Seabock

CHRISTOPHER A. SEABOCK
Attorney for Plaintiff