FILED
CLERK, U.S. DISTRICT COURT

10/28/2019

CENTRAL DISTRICT OF CALIFORNIA
BY: CW DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ARROYO, JR., | Case No. CV 18-0594 FMO (JEMx) |
| Plaintiff, | |
| v. | **ORDER RE: FURTHER PROCEEDINGS** |
| ROBERT GOLBAHAR, et al., | |
| Defendants. | |

On January 24, 2018, plaintiff Rafael Arroyo, Jr. ("plaintiff") filed a complaint against Robert Golbahar[1] ("defendant") alleging violations of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, et seq. (See Complaint at ¶¶ 27-38). Plaintiff's claims are based on four alleged violations of the ADA related to the subject property's parking space and signage. (See id. at ¶¶ 14-16). In addition, plaintiff alleges that an access aisle is blocked by a planter pot. (See id. at ¶ 17).

On July 5, 2019, the court granted summary judgment with respect to whether defendant's parking lot has a van accessible space[,]" and denied summary judgment "as to whether the

---

[1] Robert Golbahar is being sued both individually and in his capacity as trustee of the Amanda Pavie Golbahar Childs Trust and the Alexis Margaux Golbahar Childs Trust.

alteration of defendant's property is readily achievable." (Dkt. 33, Court's Order of July 5, 2019 at 8).

On September 20, 2019, plaintiff filed a Notice of Indication of Mootness ("Notice") with an email and photographs from defense counsel to plaintiff's counsel. (See Dkt. 36, Notice; Dkt. 36-2, Exh. 1). The court subsequently granted plaintiff's request for additional briefing on the issue, (see Dkt. 37, Court's Order of October 2, 2019), and the parties filed their respective briefs. (See Dkt. 39, Defendant's Opening Brief On the Issue of Mootness ("Def. Br."); Dkt. 40, Plaintiff's Brief re: Mootness ("Pl. Br."); Dkt. 43, Plaintiff's Reply).

Having reviewed the parties' briefs and plaintiff's Notice, the court is uncertain as to whether its previous summary judgment ruling was appropriate. While the photographs and email submitted in conjunction with the Notice indicate that defendant has repaired the non-compliant aspects of the subject property, defendant failed to submit any declaration or other evidence accompanying its recent brief that demonstrates the parking features comply with the ADA. (See, generally, Dkt. 39, Def. Br.). The court cannot rely on an email from defense counsel merely stating that "the international symbol for handicapped parking" is unobstructed and "is at the height required by the 2010 Standards of the ADA[,]" (Dkt. 36-2, Notice Exhibit 1 at ECF 382), and that "the claimed obstructions to the Cleaners have been removed[,]" (id.), without supporting documentation or a declaration made under the penalty of perjury with detail as to defendant's compliance with the ADA.

Based on the foregoing, IT IS ORDERED THAT:

1. The Court's Order of July 5, 2019 (**Document No. 33**) is hereby **vacated**.

2. The parties shall file cross-motions for summary judgment no later than **November 18, 2019**. The cross-motions shall comply with the Court's Order Re: Summary Judgment Motions. (Dkt. 19, Court's Order of April 23, 2018).

Dated this 28th day of October, 2019.

/s/
Fernando M. Olguin
United States District Judge