CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Christopher A. Seabock, Esq., SBN 279640
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
ChrisS@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rafael Arroyo, Jr.,** | Case No.: 2:18-CV-00594-FLA-JEM |
| Plaintiff, | |
| **v.** | **PLAINTIFF'S TRIAL BRIEF** |
| **Robert Golbahar,** in individual and representative capacity as trustee of the Amanda Pavie Golbahar Child's Trust, dated January 28, 2010, and of the Alexis Margaux Golbahar Child's Trust, dated January 28, 2010; **Nick Bhanji**; and Does 1-10, | Trial: November 2, 2021<br>Time: 8:30 a.m.<br><br>Complaint Filed: January 24, 2018 |
| Defendants. | Honorable Judge Fernando L. Aenlle-Rocha |

# I. PRELIMINARY STATEMENT

Plaintiff Rafael Arroyo, Jr. is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. Mr. Arroyo drives a specially equipped van with a ramp that deploys from the passenger side of the van to accommodate his wheelchair.

Defendant Robert Golbahar was at all times relevant to litigation the trustee of the Amanda Pavie Golbahar Child's Trust, dated January 28, 2010, and the Alexis Margaux Golbahar Child's Trust, dated January 28, 2010, which owns the property at 1015 N Aviation Blvd., Manhattan Beach, California. Rainbow Cleaners, located within the strip mall that makes up that property, is a facility open to the public, a place of public accommodation, and a business establishment.

Parking spaces are one of the facilities, privileges, and advantages the defendant offers to patrons of Rainbow Cleaners.

On December 13, 2017, Mr. Arroyo went to Rainbow Cleaners to have some clothes tailored and mended. On the date of his visit, Mr. Arroyo found that there was not a single van-accessible parking space available for disabled persons. Instead, there was a standard handicap parking space with a narrow access aisle, reserved for smaller cars that do not need an eight-foot access aisle. Additionally, this narrower access aisle was further obstructed by a large planter at its end, blocking the route to the ramp that leads to Rainbow Cleaners.

Mr. Arroyo needs a van-accessible parking space with an eight-foot access aisle to deploy his wheelchair ramp. Because there was no van-accessible parking space or access aisle, he was deterred from patronizing Rainbow Cleaners.

Plaintiff's investigator, Evens Louis, confirmed Mr. Arroyo's complaints about the parking at Rainbow Cleaners two weeks later. Additionally, Mr. Louis found the disabled parking sign behind a thick growth of vines and measured it to be only 38 inches high.

On these facts, the Court granted Plaintiff's motion for summary judgment on the issue of liability, with the only the issue left undetermined whether barrier removal was readily achievable. Dkt. 33, later vacated by Dkt. 45. During the course of litigation, Defendant has

removed the planter, raised the sign, and repainted the parking at Rainbow Cleaners. As discussed in the next section, these repairs establish the "readily achievable" issue in favor of the plaintiff.

Yet the parking is still without a compliant van-accessible parking space. Mr. Arroyo would like the ability to safely and independently park and access Rainbow Cleaners. Once compliant van-accessible parking is installed, he intends to return to Rainbow Cleaners.

## II. ESSENTIAL ELEMENTS

Mr. Arroyo, Jr. alleges violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. The analysis under these Acts is the same because any violation of the Americans with Disabilities Act is a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f). Under Title III of the Americans with Disabilities Act of 1990 ("ADA"), the general rule is: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

There are three essential elements to a disability discrimination case. To prevail, the plaintiff must demonstrate: (1) The plaintiff is disabled within the meaning of the ADA; (2) The defendants own, lease, or operate a place of public accommodation; and (3) The defendants discriminated against the plaintiff within the meaning of the ADA. Roberts v. Royal Atlantic Corp. 542 F.3d 363, 368 (2nd Cir. 2008). The first two elements are clearly defined by statute. Under the ADA, a disability is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Places of public accommodation are codified and include dry cleaners, such as Defendants'. 42 U.S.C. § 12181(7)(F).

As to the third element, the term "discriminated" is a little misleading:

> Although the term "discrimination" evokes images of active discrimination, e.g., a person is expressly forbidden to enter the premises because of his or her disability, Congress also intended to

1  |  eliminate more passive forms of discrimination, e.g., a person is

2  |  physically unable to enter the premises because it lacks a wheel-chair

3  |  accessible entrance. H.R.Rep. No. 101-485(II) at 99 (1990),

4  |  reprinted at 1990 U.S.C.C.A.N. 303, 382 (a primary purpose of the

5  |  ADA is to "bring individuals with disabilities into the economic and

6  |  social mainstream of American life.")

7  Independent Living Resources v. Oregon Arena Corp. 982 F.Supp 698, 706 fn. 1 (D. Org.

8  1997).

9  　　　One of the specific forms of discrimination identified under the ADA is a failure to

10  remove architectural barriers where such removal is readily achievable. Roberts v. Royal

11  Atlantic Corp. 542 F.3d at 368–9; 42 U.S.C. § 12182(b)(2)(A)(iv). However, barrier removal

12  satisfies the readily achievable issue on those features which were modified:

13  |  [D]efendant has already made some of the requested modifications to

14  |  other rooms and/or sinks within its facility during the relevant time

15  |  period, . . . thereby demonstrating that the requested modifications

16  |  were readily achievable. *See, e.g., Wilson v. Pier 1 Imports (US),*

17  |  *Inc.,* 439 F.Supp.2d 1054, 1069 (E.D.Cal.2006)

18  |  ("Given that the barrier has already been cured, the court must find

19  |  that it was readily achievable, and thus that it violated the ADA and

20  |  subsequently the Unruh Act."); *Nat'l Alliance for Accessibility, Inc. v.*

21  |  *McDonald's Corp.,* 2013 WL 6408650, *9 (M.D.Fla.2013) ( "Because

22  |  the architectural barriers identified by Plaintiffs have already been

23  |  removed to bring the property into compliance, the Court infers that

24  |  barriers were present, and their removal was readily achievable.").

25  Montano v. Bonnie Brae Convalescent Hosp., Inc. 79 F.Supp.3d 1120, 1131 (C.D.Cal. 2015);

26  *see also* Johnson v. Wayside Property, Inc. 41 F.Supp.3d 973, 978 (E.D.Cal. 2014); Whitaker v.

27  BOP FIGAT7TH LLC 2019 WL 1081207 p.*2 (C.D.Cal. 2019); Kalani v. National Seating &

28  Mobility, Inc. 2014 WL 1665526 at p. *3 (E.D.Cal. 2014).

Architectural barriers are defined by the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). Chapman v. Pier 1 Imports (U.S.) Inc. 631 F.3d 939, 945 (9th Cir. 2011). The ADAAG was subsequently revised, with the updated 2010 ADA Standards ("ADAS") taking effect in 2012. 28 C.F.R. § 36.304(d)(2). The age of the element in question determines whether the ADAAG or ADAS governs: anything built or altered after March 15, 2012, must comply with the 2010 Standards; anything earlier than that can comply by adhering to the 1991 Guidelines. 28 C.F.R. §§ 36.304(d)(2), 36.406(a). However, the condition of Defendant's parking violates both standards.

Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

(1) The plaintiff is disabled within the meaning of the ADA [42 U.S.C. § 12102(1)(A)];

(2) The defendant owns, leases, or operates a place of public accommodation [42 U.S.C. § 12182(a)]; and

(3) Defendant's place of public accommodation had unlawful architectural barriers the removal of which was readily achievable [42 U.S.C. § 12182(b)(2)(A)(iv)]; and

(4) The plaintiff encountered the architectural barrier, precluding his full and equal access to the facility, or was reasonably deterred from accessing the place of public accommodation by his knowledge of the barrier [42 U.S.C. § 12188(a)].

### III. ELEMENTS TO RECOVER STATUTORY DAMAGES

Plaintiff seeks an award of statutory damages in the amount of $4,000, pursuant to Civil Code section 52. That section reads: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)..."Cal. Civ. Code § 52(a).

Section 55.56 sets forth the elements Plaintiff must prove to recover statutory damages under section 52: "Statutory damages under either subdivision (a) of Section 52 or subdivision

(a) of Section 54.3 may be recovered in a construction-related accessibility claim against a place of public accommodation only if a violation or violations of one or more construction-related accessibility standards denied the plaintiff full and equal access to the place of public accommodation on a particular occasion. Cal. Civ. Code § 55.56(a). Section 55.56 further explains that, to prove a denial of full and equal access, the plaintiff must show a personal encounter with the barrier or that he was reasonably deterred from accessing the business by his knowledge of the barrier and, had he attempted to access the business, the barrier would have denied him full and equal access. Cal. Civ. Code § 55.56(b), (d).

## IV. DEFENDANT IS LIABLE TO PLAINTIFF FOR THE INACCESSIBLE CONDITION OF THE PARKING AT THE TIME OF PLAINTIFF'S VISIT.

Under the ADA, if the business provides between one and 25 parking spaces, it must provide at least one handicap parking space, which must be van-accessible (having an eight-foot access aisle). ADAAG § 4.1.2(5)(a), (b), ADAS §§ 208.2, 208.2.4. Spaces that are designated for use by persons with disabilities must have an adjacent access aisle. ADAAG § 4.1.2(5)(a), (b), ADAS §§ 502.2, 502.3. The failure to provide a proper access aisle is a clear violation of the law. See Wilson v. Pier 1 Imports (US), Inc., 439 F.Supp.2d 1054, 1069 (E.D. Cal. 2006) [finding a violation of the ADA and Unruh Act because the access aisle at the accessible parking space was only 62 inches and not 96 inches].

To be compliant, "[a]ccessible parking spaces shall be designated as reserved by a sign showing the symbol of accessibility []. [Van-accessible spaces] shall have an additional sign 'Van-Accessible' mounted below the symbol of accessibility. Such signs shall be located so they cannot be obscured by a vehicle parked in the space." ADAAG § 4.6.4; *see also* ADAS § 502.6 ("Parking space identification signs shall include the International Symbol of Accessibility complying with 703.7.2.1. Signs identifying van parking spaces shall contain the designation "van accessible." Signs shall be 60 inches (1525 mm) minimum above the finish floor or ground surface measured to the bottom of the sign").

Here, the Rainbow Cleaners did not have a single van accessible parking space on the date of Plaintiff's visit. The sole parking space reserved for disabled patrons did not feature a wide enough access aisle and its signage was too low and obscured by overgrown shrubbery. Mr. Arroyo attempted to use the parking as intended, but could not, due to the width of access aisle he requires to deploy his ramp. Therefore, he personally encountered the violation and was deprived of full and equal access to the cleaners.

## V. PLAINTIFF STILL HAS STANDING TO SEEK INJUNCTIVE RELIEF.

In his Complaint, Plaintiff seeks "injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act." Dkt. 1.

Parking spaces and access aisles must be level and may not have slopes that exceed 2.083% in any direction. ADAAG § 4.6.3, ADAS § 502.4. Among modifications undertaken by Defendant is the addition of a wider access aisle to the left side of the parking space. This new access aisle is also noncompliant, as its slope exceeds the allowable 2.083%, coming in at 3.3%.

To clarify, Plaintiff is not seeking a liability determination as to the slope of the parking. Plaintiff understands and agrees that such a determination would conflict with the Court's second MSJ order [Dkt. 49], in that Plaintiff never alleged inaccessible slopes in his Complaint.

However, as the cleaners is still without a compliant van accessible parking space, Plaintiff's claim for an injunction requiring compliant van-accessible parking cannot be moot.

## VI. PLAINTIFF WAS NOT OBLIGATED TO ATTEMPT TO USE THE INACCESSIBLE FACILITIES.

The Enforcement section of the ADA states that the Act's remedies are provided to "any person who is being subjected to discrimination... or has reasonable grounds for believing that such person is about to be subjected to discrimination..." 42 U.S.C. § 12188(a)(1). The section continues: "**Nothing in this section shall require a person with a disability to engage in a futile gesture** if such person has actual notice that a person or organization... does not intend to comply with its provisions." Id; see also 28 C.F.R. § 36.501(a).

Once Mr. Arroyo had notice that the cleaners did not comply with the ADA, he was not required to attempt to use its inaccessible facilities.

## VII. CONCLUSION

Mr. Arroyo respectfully requests this Court review the facts and law and enter judgment in his favor on the allegations, listed at the outset of this Brief. Mr. Arroyo seeks an injunction, ordering Defendant to bring the cleaners into compliance with the ADA. Mr. Arroyo, additionally, seeks statutory damages in the amount of $4,000, as set forth in Cal. Civ. Code §§ 52(a) and 55.56(a)-(d), as well as his reasonable attorney fees, litigation expenses, and costs.

Dated: October 26, 2021                     CENTER FOR DISABILITY ACCESS


                                            By: /s/ Christopher A. Seabock
                                            CHRISTOPHER A. SEABOCK
                                            Attorneys for Plaintiff